# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>    Plaintiff,<br><br>v.<br><br>PODSAKOFF, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00924-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY *IN FORMA PAUPERIS* STATUS SHOULD NOT BE REVOKED**<br><br>**(Docs. 1, 3, 5)**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff, Michael Gonzales, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint in this action on June 18, 2015. On that same date, Plaintiff filed an application to proceed *in forma pauperis*, which was granted later that month. (Docs. 3, 5.)

**I.  THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**II.  DISCUSSION**

The Court may take judicial notice of court records. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). Here, judicial notice is taken of six of Plaintiff's prior lawsuits: (1)

1

1  *Gonzales v. Galaza, et al.,* Case Number 1:00-cv-06028-AWI-HGB PC which was dismissed on
2  June 15, 2001, for failure to state a cognizable claim; (2) *Gonzales v. Gadsden, et al.,* Case
3  Number 1:04-cv-05491-OWW-LJO PC which was dismissed on December 11, 2006, for failure
4  to state a cognizable claim; (3) *Gonzales v. Vikjord, et al.,* Case Number 1:06-cv-01568-OWW-
5  WMW PC which was dismissed on July 8, 2008, for failure to state a cognizable claim; (4)
6  *Gonzales v. Yamat, et al.,* Case Number 1:54-cv-00550-AWI-DLB PC which was dismissed on
7  August 15, 2008, for failure to state a cognizable claim and for failure to obey a court order; (5)
8  *Gonzales v. Frescura, et al.,* Case Number 1:07-cv-00565-OWW-GSA PC which was dismissed
9  on April 24, 2009, for Plaintiff's to state a cognizable claim; and (6) *Gonzales v. Price*, Case
10 Number 1:07-cv-01391-AWI-GBC PC which was dismissed on June 15, 2001, for failure to state
11 a cognizable claim. All of these actions were dismissed before June 18, 2015, when Plaintiff filed
12 the present action. Thus, Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from
13 proceeding *in forma pauperis* in this action unless at the time the Complaint was filed, he was
14 under imminent danger of serious physical injury. The Court has reviewed Plaintiff's Complaint
15 and finds that he does not meet the imminent danger exception. *See Andrews v. Cervantes*, 493
16 F.3d 1047, 1053 (9th Cir. 2007).

17      Plaintiff alleges that he is being retaliated against for filing inmate appeals and lawsuits by
18 ten prison officers by being served tainted meals, being denied meals, being denied medical care,
19 by having mail confiscated and/or tampered with, and being subjected to excessive force when
20 prison staff shuts the food port on his hand/wrist when meals are distributed and he attempts to
21 flag down supervisory personnel. Though Plaintiff's last allegation is obviously not desirable, his
22 allegations do not show serious injury to state a cognizable claim for deliberate indifference to his
23 serious medical need under the Eight Amendment, let alone imminent danger of serious physical
24 injury when he filed suit. The only cognizable claims stated in the Complaint in this action are
25 against Defendants Podsakoff and Lawrence for interference with Plaintiff's sending and receipt
26 of mail and for two instances of excessive force surrounding closures of the food port.[1] Thus,
27 Plaintiff is precluded from proceeding *in forma pauperis* in this action. *Andrews*, 493 F.3d at

---
28 [1] See concurrently issued screening order.

1056-57.

### III. ORDER

Accordingly, it is HEREBY ORDERD that within thirty (30) days of the date of service of this order, Plaintiff must show cause why his *in forma pauperis* status should not be revoked so as to require him to pay the filing fee in full to proceed in this action.

IT IS SO ORDERED.

Dated:   **April 25, 2016**                              **/s/ Sheila K. Oberto**
                                                                                    UNITED STATES MAGISTRATE JUDGE