# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PODSAKOFF, et al.,<br><br>　　　　Defendants. | Case No.  1:15-cv-00924-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUESTS FOR TEMPORARY RESTRAINING ORDERS AND FOR PRELIMINARY INJUNCTIVE RELIEF**<br><br>**(Docs. 9, 17, 19)** |

## I. INTRODUCTION

Plaintiff, Michael Gonzales, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint in this action on June 18, 2015, based on incidents that allegedly occurred at California State Prison in Corcoran, California ("CSP-Cor").

Plaintiff has filed three motions seeking temporary restraining orders and/or injunctive relief.  (Docs. 9, 17, 19.)  In his first two motions, Plaintiff alleges that "Defendants and other correctional officers" engaged in activities which amount to imminent danger of harm and violations of his rights under state and federal laws.  (*See* Docs. 9, 17.)  Plaintiff appears to have used these two documents to chronologically delineate events that occurred subsequent to the filing of this action.  (*Id.*)  In his third motion, Plaintiff asserts that Defendants are attempting to goad him into an altercation so that he will be force medicated to "evade the evidence currently in [his] blood stream."  (Doc. 19.)  Plaintiff requests a blood test which would show the medications

in his blood and "DNA verification because the nurses here in the SHU constantly substitute blood tests to hide the fact of medicating [sic] in my blood." (*Id.*)

## II. **DISCUSSION**

A federal court is a court of limited jurisdiction and is bound, in considering a request for preliminary injunctive relief, by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* At this point, the court does not have an actual case or controversy before it.

As addressed by separate order, Plaintiff has the option to either proceed on the claims in the Complaint that were previously found cognizable (*see* Doc. 20) which will result in revocation of his *in forma pauperis* status and dismissal of this action without prejudice to his re-filing upon prepayment of the full filing fee, or he may file a first amended complaint to state allegations which show imminent danger of serious physical injury upon which to be allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915A(g). Either way, this Court does not currently have an actual case or controversy before it, and has no power to hear the matters raised by Plaintiff in his motions for injunctive relief.

Plaintiff's allegations also arise from events which occurred at CSP-Cor. (*See* Doc. 1.) However, Plaintiff is currently housed at California Correctional Institute in Tehachapi, California ("CCI"). (*See* Docs. 22, 23.) Since Plaintiff's first two motions seek relief to remedy the conditions of confinement he was under at CSP-Cor, they were rendered moot by his transfer to CCI. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991).

Finally, in his third motion, Plaintiff seeks testing of his blood to preserve evidence of the medications he alleges were used to taint his meals. (*See* Doc. 19.) Plaintiff is not restricted from paying for and obtaining such testing to preserve evidence on his own, other than his own lack of funds. Plaintiff appears to be under the mistaken impression that such efforts are available under

28 U.S.C. § 1915 via *in forma pauperis* status. However, as discussed above, Plaintiff's *in forma pauperis* status in this action is uncertain. In any event, *in forma pauperis* status is not grounds for this Court to order blood tests, which in this circumstance parallel ordering expert witness testimony under Federal Rule of Evidence 706.[1] Additionally, Plaintiff has yet to state a cognizable claim based on his allegations of food tainting. Thus, the Court lacks jurisdiction on Plaintiff's claim for blood testing since there is no actual case or controversy on this issue before the Court. *See City of Los Angeles*, 461 U.S. at 102.

### III. ORDER

Accordingly, it is HEREBY ORDERED that Plaintiff's motions for temporary restraining orders and/or for preliminary injunction filed on August 31, 2015, (Doc. 9), January 6, 2016, (Doc. 17), and January 8, 2016, (Doc. 19) are DENIED.

IT IS SO ORDERED.

Dated:   **May 31, 2016**                    /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's *pro se*, *in forma* pauperis status alone is not grounds for the appointment of an expert witness to assist Plaintiff with her case and Rule 706 is not a meant to provide an avenue to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses, *Manriquez v. Huchins*, No. 1:09-cv-00456-LJO-BAM PC, 2012 WL 5880431, at *12 (E.D. Cal. Nov. 21, 2012) (quotation marks and citations omitted). Nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff, *Faletogo v. Moya*, No. 12cv631 GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 23, 2013) (quotation marks omitted).