# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PODSAKOFF, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00924-SKO (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DISCHARGING ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S *IN FORMA PAUPERIS* STATUS**<br>**(Docs. 20-23)**<br><br>**ORDER GRANTING PLAINTIFF'S MOTIONS FOR COPIES OF DOCUMENTS**<br>**(Docs. 7, 8, 18)**<br><br>**THIRTY (30) DAY DEADLINE** |

## I. INTRODUCTION

Plaintiff, Michael Gonzales, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint in this action on June 18, 2015. Plaintiff filed an application to proceed *in forma pauperis* with the Complaint. (Doc. 2.) This application was granted later that month even though Plaintiff had three strikes for purposes of 28 U.S.C. § 1915 because it appeared that Plaintiff's allegations may suffice to show imminent danger of serious physical injury. (Docs. 3, 5.)

Upon screening of Plaintiff's Complaint, however, it was determined that his allegations which state cognizable claims fail to show an imminent danger of serious physical injury to be excepted from the three strikes provision of 28 U.S.C. § 1915. Thus, two orders issued on April 25, 2016. The first order screened the Complaint and required Plaintiff to either file a first amended complaint, or to submit a notice indicating he was willing to proceed only on the claims

1

which were found to be cognizable and related for purposes of Rule 18 of the Federal Rules of Civil Procedure.[1]  (Doc. 20.)  Plaintiff's cognizable and related claims were found to be retaliation and interference with Plaintiff's mail against Defendants A. Podsakoff and L. Lawrence and an excessive force claim against Defendant A. Podsakoff for slamming Plaintiff's wrist in the food port on April 9, 2014.  (*Id.*)  Because neither of these claims amounted to an imminent danger of serious injury, an order to show cause (OSC) issued requiring Plaintiff to show why his *in forma pauperis* status should not be revoked.  (Doc. 21.)

## II.  ANALYSIS and DISCUSSION

### A.  Plaintiff May Only Proceed *In Forma Pauperis* If He Is Able to Show That He was in Imminent Danger of Serious Physical Injury When He Filed This Action

As stated in the OSC, 28 U.S.C. § 1915 governs proceedings *in forma pauperis*.  "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Plaintiff had three strikes before he filed this action.  (Doc. 21.)  Thus to be allowed to proceed *in forma pauperis*, he must state allegations which show that he was in imminent danger of serious physical injury and amount to a cognizable claim under 42 U.S.C. § 1983.

Plaintiff filed two documents on May 25, 2016.  The first document is Plaintiff's notice that he does not desire to file an amended complaint and is willing to proceed on the claims found cognizable in the screening order.  (Doc. 22.)  If Plaintiff proceeds on the claims previously found cognizable, his *in forma pauperis* status will be revoked and he will be required to pay the filing fee in full.  The second document Plaintiff filed on May 25, 2016, is his response to the OSC which suggests that he may be able to state a cognizable claim showing he was in imminent danger of serious bodily injury at the time he filed this action based on the tainting of his food with "antipsychotic medication" which caused him to experience "akinesia and tartive

---

[1] The Federal Rules of Civil Procedure will hereinafter be referred to as "Rule *."  Any reference to other statutory authorities shall so indicate.

dyskinesia." Since Plaintiff may be able to state cognizable claims which show that he was under imminent danger of serious physical injury, he is granted opportunity to file a first amended complaint. *Rodriguez v. Steck*, 795 F.3d 1187 (9th Cir. 2015).

Thus, the OSC is discharged and Plaintiff is granted the option, in the next thirty days to either: (1) file a notice of his desire to proceed on the claims in the Complaint that were previously found cognizable (*see* Doc. 20) in which case his *in forma pauperis* status will be revoked and this action will be dismissed without prejudice to his re-filing upon prepayment of the full filing fee; or (2) file a First Amended Complaint, limited to the instances when his food was tainted at California State Prison ("CSP-Cor") in Corcoran, California, as well any related claims which do not violate Rule 18. Plaintiff is provided a copy of the order screening his Complaint (Doc. 20) and the OSC (Doc. 21) for applicable standards.

### B. Plaintiff's Motions For Copies of Documents Are Granted

Plaintiff has filed several motions requesting copies of documents he has filed in this action indicating that prison staff at CSP-Cor denied him copies for various reasons. (*See* Docs. 7, 8, 18.) Plaintiff has since been transferred to the California Correctional Institute ("CCI") in Tehachapi, California. Though litigants must generally pay for copies of documents, Plaintiff's requests will be granted gratis – on this one occasion. Plaintiff will hopefully no longer have issues with obtaining copies of documents since he is no longer at CSP-Cor. Plaintiff is cautioned, however, that such copies will not be provided in the future without remuneration.

### III. ORDER

Accordingly, it is HEREBY ORDERD that:

1. The Order to Show Cause that issued on April 25, 2016, is DISCHARGED;
2. **Within thirty (30) days** of the date of service of this order, Plaintiff must:
   a. file a notice of his desire to proceed on the claims in the Complaint that were previously found cognizable (*see* Doc. 20) which will result in revocation of his *in forma pauperis* status and the dismissal of this action without prejudice to his re-filing upon prepayment of the full filing fee;
   b. file a First Amended Complaint, limited to the instances when his food was

tainted at CSP-Cor and any claims which do not violate Rule 18; or

   c.  if he no longer desires to pursue this action, he must file a notice of voluntary dismissal;

3. Plaintiff's motions for copies of his filings in this action, filed on August 31, 2015, (Docs. 7, 8) and January 6, 2018, (Doc. 18) are GRANTED;

4. The Clerk's Office is directed to forward copies of the Complaint (Doc. 1), Plaintiff's motion for temporary restraining order (Doc. 9), Plaintiff's motion of petition for injunctional court order and temporary restraining order (Doc. 17), the order which screened the Complaint (Doc. 20), and the order to show cause why *in forma pauperis* status should not be revoked (Doc. 21); and

5. Plaintiff's failure to comply with this order **will result in dismissal of this action for both failure to prosecute and failure to obey a court order**.

IT IS SO ORDERED.

Dated:   **May 31, 2016**                                  /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE