UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL GONZALES,

    Plaintiff,

  v.

PODSAKOFF, et al.,

    Defendants.

Case No. 1:15-cv-00924-SKO (PC)

**ORDER FINDING INVOLUNTARY MEDICATION CLAIM COGNIZABLE AND DISMISSING ALL OTHER CLAIMS**

**And**

**ORDER FINDING SERVICE OF FIRST AMENDED COMPLAINT APPROPRIATE AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS**

**(Doc. 26)**

**THIRTY (30) DAY DEADLINE**

**I.   Background**

Plaintiff, Michael Gonzales, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's First Amended Complaint is before the Court for screening.[1]

**A.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] Plaintiff's second amended complaint that has been lodged is stricken from the record as it is an exact duplicate of the First Amended Complaint.

frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  If an action is dismissed on one of these three basis, a strike is imposed per 28 U.S.C. § 1915(g).  An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

### B. Summary of Plaintiff's First Amended Complaint

Plaintiff, who is currently housed at the California Correctional Institution ("CCI") in Tehachapi, California, complains of acts that occurred at California State Prison ("CSP-Cor") in Corcoran, California.  Plaintiff names the following as Defendants:  A. Podsakoff, L. Lawrence, B. Stringer, Lassey, J. Medina, J. Juarez, E. Garza, R. Mendoza, D. Hernandez, and Nurse Gonzales.  Plaintiff seeks monetary damages and injunctive relief.

Plaintiff alleges that the above-named Defendants retaliated against him for filing inmate appeals and lawsuits by serving Plaintiff meals tainted with antipsychotic medications.  Plaintiff also alleges that some of the named Defendants denied him meals so he would get hungry and eat everything in a subsequent meal, which left him no choice but to ingest more antipsychotic medications.

Plaintiff's allegations state a cognizable claim for being involuntarily medicated against Defendants A. Podsakoff, L. Lawrence, B. Stringer, J. Medina, J. Juarez, R. Mendoza, and Nurse Gonzales.  However, as discussed in greater detail below, he fails to link Defendants Lassey, E. Garza, and D. Hernandez to his claims and none of his other claims are cognizable.

## II. Discussion

### A. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain

2

statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

### 2.    Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3

42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). To state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Despite being previously directed that he must clearly identify which Defendant(s) he believes are responsible for each violation of his constitutional rights and the factual basis for each claim, Plaintiff has failed to link Defendants Lassey and E. Garza to any of his factual allegations. Thus, Defendants Lassey and E. Garza are DISMISSED with prejudice.

**B.     Claims for Relief**

**1.     Retaliation**

All of Plaintiff's claims are premised on allegations that he was subjected to retaliation because he filed inmate appeals and lawsuits.

Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so. *Waitson v. Carter*, 668 F.3d 1108, 1114-1115 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.2009). A retaliation claim has five elements. *Id.* at 1114.

First, the plaintiff must show that the retaliated-against conduct is protected. *Id.* The filing of an inmate grievance is protected conduct, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as are the rights to speech or to petition the government, *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Second, the plaintiff must show the

defendant took adverse action against the plaintiff. *Rhodes*, at 567.  Third, the plaintiff must show a causal connection between the adverse action and the protected conduct.  *Waitson*, 668 F.3d at 1114.  Fourth, the plaintiff must show that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes,* 408 F.3d at 568 (internal quotation marks and emphasis omitted).  Fifth, the plaintiff must show "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution. . . ." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985).

It bears repeating that while Plaintiff need only show facts sufficient to support a plausible claim for relief, the mere possibility of misconduct is not sufficient, *Iqbal*, 556 U.S. at 678-79, and the Court is "not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  The conduct identified by Plaintiff as retaliatory must have been motivated *by* his engaging in a protected activity, and the retaliatory conduct must *not* have reasonably advanced a legitimate penological goal.  *Brodheim*, 584 F.3d at 1271-72 (citations omitted).  Thus, merely showing that Plaintiff engaged in protected activity, without knowledge resulting in animus by a Defendant, is insufficient to show that Plaintiff's protected activity was the motivating factor behind a Defendant's actions.

The first screening order stated that Plaintiff's allegations of retaliation for protected conduct in the Original Complaint were too conclusory to be cognizable.  (Doc. 20, p. 3.)  The Court specifically found that Plaintiff failed to state facts to show the link between Plaintiff's inmate appeals and each Defendant's knowledge of such appeal to establish the requisite animosity behind such Defendant's acts.  This same defect persists in the First Amended Complaint.  Plaintiff is therefore unable to state a cognizable retaliation claim.

### 2.     **Involuntary Antipsychotic Medication**

Plaintiff alleges that Defendants medicated his foods without his consent even though Plaintiff was not a danger to anyone and was never given a hearing about being involuntarily medicated.

Prisoners have a substantial liberty interest, grounded in the Due Process Clause, in

avoiding the involuntary administration of antipsychotic medication. *Washington v. Harper*, 494 U.S. 210, 229, 110 S.Ct. 1028 (1990). Although prisoners may be involuntarily medicated if they are a danger to themselves or others and the treatment is in their best medical interest, they must be provided with procedural protections to ensure that the decision to medicate them involuntarily is not arbitrary or erroneous. *Harper*, 494 U.S. at 227-28. In *Keyhea v. Rushen*, 178 Cal.App.3d 526, 542 (Cal. Ct. App. 1986), the court set forth the substantive and procedural safeguards which must be adhered to when the state seeks to involuntarily medicate state prisoners with long-term psychotropic medications. Such courts orders are commonly known as *Keyhea* orders.

Plaintiff alleges that he was previously subject to a *Keyhea* order and received antipsychotic medications which were discontinued because he experienced a number of negative side effects. He alleges that between August 13, 2015 and April 4, 2016, Defendant Nurse Gonzales provided antipsychotic medication that Defendants A. Podsakoff, L. Lawrence, B. Stringer, J. Medina, J. Juarez, and R. Mendoza used to surreptitiously taint his food. Plaintiff provides specific dates that these Defendants tainted his food and describes the adverse effects he experienced. Plaintiff also alleges that J. Medina, J. Juarez, and R. Mendoza denied him meals on various dates so that he would be hungry and eat the next meal he received which was heavily medicated. This states a cognizable claim against Defendants A. Podsakoff, L. Lawrence, B. Stringer, J. Medina, J. Juarez, R. Mendoza, and Nurse Gonzales for involuntarily medicating Plaintiff without a *Keyeha* order in violation of his due process rights.

### 3. Conditions of Confinement

Adequate food is a basic human need protected by the Eighth Amendment. *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982), (abrogated on other grounds by *Sandin v. O'Connor,* 515 U.S. 472, 115 S.Ct. 2293 (1995)). While prison food need not be "tasty or aesthetically pleasing," it must be "adequate to maintain health." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). However, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*,

503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  To state a claim for violation of the Eighth Amendment, plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Foster*, 554 F.3d at 812.

Plaintiff's allegations that he was given food tainted with antipsychotic medications against his will and without a *Keyhea* order state a cognizable claim against Defendants A. Podsakoff, L. Lawrence, B. Stringer, J. Medina, J. Juarez, R. Mendoza, and Nurse Gonzales under the Eighth Amendment.

### 4. Supervisory Liability

Plaintiff's only allegations against Defendant Sgt. D. Hernandez are that he "did knowingly supervise the misconduct on all the above dates and laughed and ignored my numerous complaints about the above facts."  (Doc. 26, p. 9.)

The prior screening order stated that supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*.  *Iqbal*, 556 U.S. at 677.  "In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer."  *Id.*

"'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to dismiss [and thus also for screening purposes], are not entitled to an assumption of truth." *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 556 U.S. at 1951 (quoting *Twombly*, 550 U.S. at 555)). "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion -- even if that conclusion is cast in the form of a factual allegation." *Id.* Plaintiff's allegations against Defendant Sgt. D. Hernandez are nothing more than bare formulaic recitation of the elements of a claim and are not cognizable.

### 5. Injunctive Relief

Plaintiff seeks monetary damages and injunctive relief. However, Plaintiff is no longer incarcerated at the facility where the actions he complains of occurred (CSP-Cor), so his claim for injunctive relief is moot. *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991).

Thus, Plaintiff's request for injunctive prohibition of his food being medicated without his consent is DENIED.

## III. ORDER

It is HEREBY ORDERED that:

(1)  Plaintiff may proceed on claims under the Due Process Clause and Eighth Amendment against Defendants A. Podsakoff, L. Lawrence, B. Stringer, J. Medina, J. Juarez, R. Mendoza, and Nurse Gonzales;

(2)  Defendants Sgt. D. Hernandez, Lassey, and E. Garza are DISMISSED with prejudice; and

(3)  Plaintiff's second amended complaint which was lodged on July 13, 2016, Doc. 27, is STRICKEN from the record as duplicative.

It is FURTHER ORDERED that:

1.  Service is appropriate for the following defendants:

    **A. PODSAKOFF**

    **L. LAWRENCE**

     **B. STRINGER**

     **J. MEDINA**

     **J. JUAREZ**

     **R. MENDOZA**

     **NURSE GONZALES**

  2. The Clerk of the Court shall send Plaintiff seven (7) USM-285 form, seven (7) summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the First Amended Complaint, filed on June 27, 2016 (Doc. 26).

  3. Within **thirty (30) days** from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit it to the Court with the following documents:

    a. Completed summons for each of the defendants listed above;

    b. One completed USM-285 form for each of the defendants listed above; and

    c. Eight (8) copies of the endorsed First Amended Complaint, filed on June 27, 2016 (Doc. 26).

  4. Plaintiff need not attempt service on any defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

  5. **The failure to comply with this order will result in dismissal of this action.**

IT IS SO ORDERED.

Dated: **February 10, 2017**      /s/ *Sheila K. Oberto*
                 UNITED STATES MAGISTRATE JUDGE