# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>    Plaintiff,<br><br>v.<br><br>PODSAKOFF, et al ,<br><br>    Defendants. | 1:15-cv-00924-SKO (PC)<br><br>ORDER ON PLAINTIFF'S MOTIONS FOR RECONSIDERATION OF INJUNCTIVE RELIEF<br><br>(Docs. 29, 33) |

Plaintiff, Michael Gonzales, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On February 13, 2017, the order screening Plaintiff's First Amended Complaint issued in which Plaintiff's request for injunctive relief was dismissed as Plaintiff was no longer at the facility where the events underlying his claims occurred. (Doc. 28, p. 8.) On March 13, 2017, and April 3, 2017, Plaintiff filed motions for reconsideration of the order dismissing his request for injunctive relief. (Docs. 29, 33.)

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other

1

grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

In his motions for reconsideration, Plaintiff indicates that he has been transferred back to California State Prison, Corcoran ("CSP-Cor"), in the precise housing unit where the facts he alleges in this action occurred. Plaintiff further states that the defendants in this action are again tainting his meals as alleged in the Second Amended Complaint. This amounts to new evidence upon which to reinstate Plaintiff's request for injunctive relief in the Second Amended Complaint. Having carefully considered this matter, the Court finds the screening order to have been supported by proper analysis and the record before it when it issued, but Plaintiff's transfer back to CSP-Cor warrants reinstating his request for injunctive relief.

It is also, however, possible that Plaintiff filed his motions for reconsideration to obtain preliminary injunctive relief from Defendants' offending acts, which must be denied. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits and to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008) (citations omitted). "A preliminary injunction is an extraordinary remedy never awarded as a matter of right. In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Id.*, at 24 (citations and quotations omitted). An injunction may only be awarded

upon a clear showing that the plaintiff is entitled to such relief. *Id.*, at 22.

Requests for prospective relief are further limited by 18 U.S.C. § 3626 (a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court ensure the relief "is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

"An inmate seeking an injunction on the ground that there is a contemporary violation of a nature likely to continue, must adequately plead such a violation; . . . ." *Farmer v. Brennan*, 511 U.S. 825, 845-46 (1994) (citations and quotations omitted). It is subsequent to screening, such as in efforts to survive summary judgment, that a plaintiff "must come forward with evidence from which it can be inferred that the defendant-officials were at the time suit was filed, and are at the time of summary judgment, knowingly and unreasonably disregarding an objectively intolerable risk of harm, and that they will continue to do so; and finally to establish eligibility for an injunction, the inmate must demonstrate the continuance of that disregard during the remainder of the litigation and into the future." *Id.*, at 845-46. However, at this stage, the Court is not in a position to determine questions of a claim's merits which require submission of evidence as opposed to merely determining whether a claim has been stated. *Barrett v. Belleque*, 544 F.3d 1060 (9th Cir. 2008). Thus, any request for preliminary injunctive relief in Plaintiff's motions for reconsideration must be denied without prejudice at this time.

Accordingly, it is HEREBY ORDERED that Plaintiff's motions for reconsideration of the screening order are GRANTED in part and his request for injunctive relief in the Second Amended Complaint is reinstated. To the extent, however, that these motions seeks preliminary injunctive relief, they are DENIED without prejudice.

IT IS SO ORDERED.

Dated: **April 20, 2017**              /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE