# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PODSAKOFF, et al,<br><br>　　　　Defendants. | 1:15-cv-00924-DAD-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION FOR CONSOLIDATION**<br><br>**(Doc. 35)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## **INTRODUCTION**

Plaintiff, Michael Gonzales, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On May 17, 2017, Defendants filed a notice of related case and request for consolidation of this action with *Gonzales v. Ferrso, et al.*, 1:16-cv-01813-EPG (PC) ("the *Ferrso* case"). (Doc. 35.)[1]

Defendants' motion should be DENIED since neither consolidating nor relating this case with the *Ferrso* case will serve judicial economy and convenience.

## **FINDINGS**

This action is proceeding on Plaintiff's claims under the Eighth and Fourteenth Amendments against seven correctional staff members at California State Prison in Corcoran, California ("CSP-Cor") for allegedly placing anti-psychotic medication in Plaintiff's food without

---

[1] Though the time for Plaintiff to file an opposition has not yet lapsed, this Court may consider Defendants' motion as Plaintiff will not be prejudiced by its denial and decisions on consolidation may be made *sua sponte*. *See In re Adams Apple*, 829 F.2d 1484, 1487 (9th Cir. 1987).

1

his permission. In the *Ferrso* case, Plaintiff proceeds on a Fourteenth Amendment due-process claim against nine correctional staff members at California Correctional Institution ("CCI") in Tehachapi, California, also for allegedly placing anti-psychotic medication in his food without his permission. Defendants contend that Plaintiff's links his allegations in the *Ferrso* case to this action by mentioning it in the complaint. However, mere mention of one case in the pleadings of another case is insufficient to link allegations for consolidation purposes.

Federal Rule of Civil Procedure 42(a) permits the Court to consolidate actions involving a common question of law or fact, and consolidation is proper when it serves the purposes of judicial economy and convenience.[2] *See Devlin v. Transportation Communications Intern. Union*, 175 F.3d 121, 130 (2d. Cir. 1999); *Young v. City of Augusta*, 59 F.3d 1160, 1169 (11th Cir. 1995). The purpose of consolidation is to avoid unnecessary cost or delay where the claims and issues contain common aspects of law or fact. *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998); *see also Malone v. Strong*, 2016 WL 3546037, n. 2 (W.D. Wash. 2016) (citing *E.E.O.C.*, at 551) (primary purpose of consolidation is to promote trial court efficiency and avoid the danger of inconsistent adjudications).

District courts have broad discretion to grant or deny consolidation. *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008); *see also In re Adams Apples, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). In deciding whether to consolidate, a court should "weigh the interest of judicial convenience against any inconvenience, delay, or expense that it would cause," *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *see also Zhu v. UCBH Holdings, Inc.*, 682 F.Supp.2d 1049, 1052 (N.D. Cal. 2010), as well as balancing "the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *S.W. Marine Inc. v. Triple A Mach. Shop*, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

Defendants contend that both cases involve similar questions of fact and the same question of law such that consolidation and assignment to one judge would substantially save judicial effort and resources. However, the only similarity between these actions is Plaintiff's

---

[2] It is the Court's practice in such cases to combine consolidated actions into a single action with one operative pleading. *See Schnabel v. Lui*, 302 F.3d 1023 (9th Cir. 2002) (describing three possible consolidation procedures but declining to decide which is proper).

allegations that his food was involuntarily tainted with anti-psychotic medications. With that exception, each case involves different sets of defendants and is based on events which occurred at two separate facilities: CSP-Cor and CCI. Motions on exhaustion of administrative remedies and dispositive issues would involve separate and distinct evidence, witnesses, and factual determinations. If consolidated, any motions that entail Plaintiff's allegations from both cases would require entirely separate evaluation and analysis, which will not conserve any judicial effort or resources.

Consolidation of Plaintiff's actions will not "avoid the inefficiency of separate trials involving related parties, witnesses, and evidence." *E.E.O.C.*, 135 F.3d at 551. Consolidation would instead unnecessarily protract motions and trial by necessitating separate presentation of evidence and resolution of issues from both cases within a single, likely unwieldy, order or verdict. Furthermore, if the claims currently set forth in both cases proceed to trial, there would be a strong likelihood of juror confusion since both cases involve similar allegations against separate sets of correctional staff for events that occurred at separate penal facilities. As such, consolidation would only serve to complicate what may otherwise be two relatively straight-forward cases. Based on the foregoing, the Court cannot conclude that consolidation, or even relation under Local Rule 123, and assignment of Plaintiff's cases to the same judge would result in any saving of judicial effort.

## **RECOMMENDATION**

Accordingly, it is HEREBY RECOMMENDED that Defendants' notice of related case and motion to consolidate this case with *Gonzales v. Ferrso, et al.*, 1:16-cv-1813-EPG (PC), filed on May 17, 2017, (Doc. 35) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v.*

*Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 25, 2017**     /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE