# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PODSAKOFF, et al,<br><br>　　　　Defendants. | 1:15-cv-00924-SKO (PC)<br><br>**ORDER ON DEFENDANTS' REQUEST FOR CLARIFICATION AND STAYING ACTION OTHER THAN DISCOVERY ON EXHAUSTION ISSUES**<br><br>**(Doc. 51)** |

## BACKGROUND

Plaintiff, Michael Gonzales, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On September 12, 2017, Defendants filed a motion for an order requiring security under Eastern District Local Rule 151(b), which, if successful, would require Plaintiff to post security before this matter proceeds. (Doc. 49.)

On September 13, 2017, a Second Informational Order issued which provided Plaintiff the requirements for opposing Defendants' motion and Defendants' assertions that Plaintiff does not have a reasonable probability of prevailing in this litigation because he did not comply with Title 42 U.S.C. § 1997e(a). (Doc. 50.) On September 15, 2017, Defendants filed a request for clarification inquiring why the Second Informational Order provided Plaintiff the standards for opposing Defendants' motion under Rule 56 of the Federal Rules of Civil Procedure[1] when Defendants did not file a motion summary judgment. Defendants request that the action be stayed pending a ruling on the outstanding issues. (Doc. 51.)

---
[1] The Federal Rules of Civil Procedure are referred to as "Rule *."

1

**ANALYSIS**

Defendants' motion to require a security from Plaintiff relies heavily on arguments and evidence which Defendants contend demonstrate that Plaintiff failed to exhaust available administrative remedies prior to filing this action. (*See* Doc. 49-1, 11:20-17:3.)[2] In fact, nearly half of the fourteen pages of argument in Defendants' memorandum of points and authorities are devoted to discussing Plaintiff's exhaustion efforts. (*Id.*) A number of Defendants' exhibits are also presented for no other purpose than to challenge Plaintiff's exhaustion efforts. (*See* Docs. 49-3, Declaration of M. Voong; 49-4, Declaration of J. Lewis.) Defendants contend that their evidence shows that Plaintiff does not have a reasonable probability of prevailing in this litigation, which justifies requiring Plaintiff to post a security before this action proceeds.

Defendants filed this motion as their first response to Plaintiff's First Amended Complaint. To the extent that Defendants' motion relies on the insufficiency of Plaintiff's compliance with the PLRA, 42 U.S.C. § 1997e(a), it is akin to a motion presenting a defense under Rule 12. Although Defendants contend they are not seeking summary judgment, they assert insufficiency of Plaintiff's exhaustion efforts as one of only two bases to establish the unlikelihood of Plaintiff prevailing in this action. (*See* Doc. 49-1.) As presented, Defendants' contention that imposition of a security requirement is appropriate since Plaintiff is not likely to prevail in this action, necessarily requires a finding regarding the sufficiency of Plaintiff's exhaustion efforts. Since Defendants' motion attacks the sufficiency of Plaintiff's exhaustion efforts, it is akin to raising an affirmative defense, which is properly handled under the framework of Rule 56. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014).

This Court declines to make any ruling on the sufficiency of Plaintiff's exhaustion efforts without providing Plaintiff with an opportunity to oppose it. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988). If Defendants do not wish to have the sufficiency of Plaintiff's exhaustion efforts considered under Rule 56, they may

---

[2] All references to pages of specific documents pertain to those set forth on the upper-right corners as a result of the CM/ECF electronic court docketing system.

withdraw that portion of their motion. Defendants may also elect to withdraw their motion and refile it asserting challenges to the sufficiency of Plaintiff's exhaustion efforts within the framework of Rule 56.

This case is properly stayed pending the issuance of a ruling on Defendants' motion for an order requiring Plaintiff to post a security under Local Rule 151(b). *See* L.R. 151(b) adopting Cal.C.Civ.Pro. tit 3A, part 2.

### ORDER

Accordingly, it is HEREBY ORDERED that:

1. To the extent Defendants' request for clarification has been addressed, their motion for clarification, filed on September 15, 2017, (Doc. 51), is GRANTED;

2. Within ten (10) days of the date of service of this order, Defendants SHALL file a notice either withdrawing the portion of their motion requesting an order requiring security in connection with Plaintiff's exhaustion efforts; withdrawing their motion in its entirety;[3] or notifying the Court of their election to stand on their motion as filed;

3. In the event Defendants elect not to withdraw their motion in its entirety within forty-five (45) days of the date of service of this order, Plaintiff SHALL file an opposition or statement of non-opposition to Defendants' motion for an order requiring a security, or any portion of defendants' motion remaining after Defendants' above election; or within that same time, Plaintiff may file an offer to stipulate to voluntary dismissal under Rule 41; and

4. This action is stayed pending the Court's ruling on Defendants' motion for an order requiring security.

IT IS SO ORDERED.

Dated: **September 26, 2017**   /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

---

[3] Defendants' responsive pleading will be due ten (10) days after withdrawal of their motion. Cal.Civ.C.Pro. § 391.6.

3