# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PODSAKOFF, et al ,<br><br>　　　　Defendants. | 1:15-cv-00924-DAD-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT**<br><br>**(Doc. 46)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

### **INTRODUCTION**

Plaintiff, Michael Gonzales, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On August 25, 2017, Plaintiff filed a motion for entry of default against the Defendants in this action. (Doc. 46.) Defendants have not filed an opposition. Plaintiff has not filed a reply and the motion is deemed submitted. L.R. 230(*l*). For the reasons set forth below, the court cannot find that Defendants have failed to "otherwise defend" this action pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.[1] As such, it is recommended that Plaintiff's motion be **DENIED**.

### **FINDINGS**

Plaintiff requests entry of default because service was ordered on the Defendants and they have "never replied to this claim." (Doc. 46.) This action is proceeding on Plaintiff's claims found cognizable under the Eighth and Fourteenth Amendments in the First Amended Complaint

---

[1] The Federal Rules of Civil Procedure are hereinafter referred to as "Rule *."

1

("FAC") against seven correctional staff members at California State Prison in Corcoran, California ("CSP-Cor") for allegedly placing anti-psychotic medication in Plaintiff's food without his permission. (Doc. 28.)

On March 24, 2017, the United States Marshals Service was ordered to serve the FAC on Defendants Gonzales, J. Juarez, L. Lawrence, J. Medina, R. Mendoza, A. Podsakoff, and B. Stringer. (Doc. 33.) Waivers of service, which were executed on May 5, 2017, were filed for all Defendants on May 16, 2017. (Docs. 37.) In accordance with Rule 4, Defendants responses to the FAC were due on or before June 2, 2017.

On May 17, 2017, Defendants filed a notice of related cases and a request for consolidation of this action with *Gonzales v. Ferrso et al.*, E.D. Cal. No. 1:16-cv-01813-EPG. (Doc. 35.) Defendants also requested an extension of time relieving them of their obligation to respond to the FAC until thirty days after issuance of a ruling on their request to consolidate. (Doc. 36.) This extension was granted on May 19, 2017. (Doc. 39.) Defendants' request to consolidate was denied on September 7, 2017. (Doc. 48.) Five days later, Defendants filed a motion to require Plaintiff to post a monetary security based on his status as a vexatious litigant under California law. (Doc. 49.) On September 13, 2017, the Court issued a Second Informational Order informing Plaintiff of the requirements to oppose Defendants' motion pursuant to Rule 56. (Doc. 50.)

Two days later, Defendants filed a request for clarification as to why the Second Informational Order had issued stating they had not intended that their motion be raised under Rule 56. (Doc. 51.) An order issued on September 27, 2017, noting that Defendants filed their motion for security as their first response to the FAC, and that to the extent Defendants' motion relied on the insufficiency of Plaintiff's compliance with 42 U.S.C. § 1997e(a), it was akin to a motion presenting a defense under Rule 12. (Doc. 53, 2.) The order further clarified that since Defendants' motion attacks the sufficiency of Plaintiff's exhaustion efforts, it is akin to raising an affirmative defense, which is properly handled under the framework of Rule 56, per *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), cert. denied, 135 S.Ct. 403 (2014). (*Id.*) [2]

---

[2] The Court declined to make a ruling on the sufficiency of Plaintiff's exhaustion efforts without providing instructions and an opportunity to oppose. (*Id.* (citing *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), *Wyatt v.*

The order stayed the action pending issuance of a ruling on Defendants' motion for an order requiring Plaintiff to post a security under Local Rule 151(b). (*Id.*, 3.) Defendants were given ten days from the date of the issuance of the order to file a notice withdrawing the portion of their motion that relied on Plaintiff's exhaustion efforts, withdrawing their motion in its entirety, or notifying the Court of their election to stand on their motion as filed. (*Id.*) On September 28, 2017, Defendants filed a response to the Court's order electing to stand on their motion as filed. (Doc. 54.) Plaintiff filed a response to which Defendants objected. (Docs. 60, 61.)

Entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, . . . ." *See* Fed.R.Civ.P. 55(a). Given the chronological history of this case, none of the Defendants were in default on August 25, 2017, when Plaintiff filed his motions requesting entry of default. Furthermore, while Defendants have not filed a responsive pleading to the FAC, the Court finds that they have *not* failed to otherwise defend this action.

Since waiving service, Defendants have filed two significant motions: for consolidation and to require Plaintiff to post monetary security—both of which require resolution before the case proceeds. The motions filed by Defendants in this action are akin to a motion for summary judgment or a motion to dismiss, which when coupled with their timely responses to this Court's orders, do not equate to a failure to "otherwise defend" this action. *See Universal Trading & Inv. Co. v. Kiritchenko*, No. C-99-3073 MMC, 2007 WL 660083 (N.D. Cal. 2007) (motion for summary judgment sufficient to "otherwise defend" an action for default analysis); *Winne v. Knight*, No. CV 15-44-H-DLC-JTJ, 2017 WL 2256619 (D. Mont. 2017) (finding filing of motion for summary judgment and objections to findings and recommendations sufficed to otherwise defend the action); *Baker v. Kernan*, No. CIV-S-051669-JAM-KJM-P, 2008 WL 2705028, at *3 (E.D. Cal. 2008), *report and recommendation adopted*, 2008 WL 5381601 (E.D. Cal. 2008); *K'Napp v. Adams*, No. 1:06-cv-01701-LJO-GSA, 2013 WL 2630384, at *2 (E.D. Cal. 2013) (court unable to find defendants failed to plead or otherwise defend the action on filing of tardy answers); *Gipbsin v. Kernan*, No. CIV-S-07-0157-MCE-EFB-P, 2009 WL 1650029, at *2 (E.D.

---

*Terhune*, 315 F.3d 1108 (9th Cir. 2003), *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988)).

Cal. 2009) (finding joinder of other defendants' motion to dismiss evidenced intent to otherwise defend the action); *see also Rashidi v. Albright,* 818 F.Supp. 1354, 1356 (D.Nev. 1993) ("it is generally held that challenges to matters such as service, venue and the sufficiency of the complaint preclude a default even if pursued in the absence of a responsive pleading").

Based on the foregoing, the Court cannot find that Defendants have failed to otherwise defend this action. Denial of default in this case also comports with the "strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir.1986).

## **RECOMMENDATION**

Accordingly, it is **HEREBY RECOMMENDED** that Plaintiff's motion for entry of default filed on August 25, 2017, (Doc. 46), be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 6, 2018**         /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE

4