# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PODSAKOFF, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00924-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF**<br><br>**(Doc. 47)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## **FINDINGS**

### I. Introduction

Plaintiff, Michael Gonzales, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds in this action based on allegations that the defendants involuntarily tainted his food with antipsychotic medications at California State Prison in Corcoran, California ("CSP-Cor") without a *Keyhea* order.[1]  On August 28, 2017, Plaintiff filed a motion seeking injunctive relief. (Doc. 47.) Defendants did not file an opposition within the permitted time period. Plaintiff's motion is deemed submitted. L.R. 230(*l*).

In his motion, Plaintiff alleges that "Defendants and others" continue to engage in activities tainting his food with antipsychotic medication, placing him in imminent danger of harm because it is burning his esophagus. Plaintiff alleges that Defendant "Nurse Gonzales et al.

---

[1] *Keyhea v. Rushen*, 178 Cal.App.3d 526, 542 (Cal. Ct. App. 1986), sets forth the substantive and procedural safeguards which must be adhered to when the state seeks to involuntarily medicate state prisoners with long-term psychotropic medications. Such courts orders are commonly known as "*Keyhea* orders."

1

nurses have started medicating" his Mintox tablets so that now even his antacids are burning and damaging his esophagus.

**II.     <u>Discussion</u>**

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). Requests for prospective relief are further limited by 18 U.S.C. § 3626 (a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court ensure the relief "is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

The pendency of this action does not give the Court jurisdiction over prison personnel in general. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985). The Court's jurisdiction is thus limited to the parties in this action and to the cognizable legal claims upon which it proceeds. *Summers*, 129 S.Ct. at 1148-49; *Mayfield*, 599 F.3d at 969. Hence, to the extent Plaintiff's motion is based on the actions of "others" and "et al nurses" it must be denied for lack of jurisdiction.

Further, "[a] preliminary injunction is an extraordinary remedy never awarded as a matter of right." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008) (citations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits and to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.*, at 24 (citations and quotations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Id.*, at 22.

Plaintiff has attached a few pages of his medical records to his motion. However, Plaintiff neither attaches a declaration from a qualified medical professional explaining his medical condition and its cause, nor provides any basis to support a finding that he is qualified to render such opinions. Fed. R. Evid. 702. As such, Plaintiff has not demonstrated likelihood of success on the merits, likelihood of irreparable harm, a balance of equities in his favor, or that an injunction is in the public interest.

## **RECOMMENDATIONS**

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, filed on August 28, 2017, (Doc. 47), be denied without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 13, 2018**           /s/ *Sheila K. Oberto*
           UNITED STATES MAGISTRATE JUDGE