# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>    Plaintiff,<br><br>v.<br><br>PODSAKOFF, et al ,<br><br>    Defendants. | 1:15-cv-00924-DAD-SKO (PC)<br><br>**FINDINGS AND RECOMMNDATIONS ON DEFENDANTS' MOTION FOR AN ORDER REQUIRING SECURITY, SCREENING OF THE FIRST AMENDED COMPLAINT, and ON PLAINTIFF'S MOTION TO BE REMOVED FROM THE STATE'S VEXATIOUS LITIGANT LIST**<br><br>**(Docs. 28, 49, 62)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## FINDINGS

### I. Procedural History

Plaintiff, Michael Gonzales, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On September 12, 2017, Defendants filed a motion for an order requiring security under Eastern District Local Rule 151(b), which, if successful, would require Plaintiff to post security before this matter proceeds. (Doc. 49.) Plaintiff filed an opposition (Docs. 56, 57), and Defendants filed a reply (Docs. 58, 59).[1] The matter is deemed submitted. Local Rule 230(*l*). For the reasons which follow, the Court recommends that Defendants' motion be denied.

---

[1] Plaintiff filed two documents in opposition to Defendants' motion which have been reviewed and considered. (*See* Docs. 56, 57.) Plaintiff also filed a sur-reply (Doc. 60) to which Defendants' objected (Doc. 61). Plaintiff does not have a right under either the Federal Rules of Civil Procedure or the Local Rules to file a surreply, and the Court does not find any further briefing is necessary. Accordingly, the Court declines to consider Plaintiff's surreply, which was filed without leave of court, and in light of this decision, Defendants' objections are disregarded as moot.

1

**II.  Plaintiff's Claims**

    **A.  The First Amended Complaint**

In the First Amended Complaint ("FAC"), Plaintiff alleges that he was previously subject to a *Keyhea* order[2] and received antipsychotic medications which were discontinued because he experienced a number of negative side effects.  Plaintiff alleges that, subsequently, Defendants A. Podsakoff, L. Lawrence, B. Stringer, J. Medina, J. Juarez, and R. Mendoza surreptitiously taint his food with antipsychotic medications.  Plaintiff provides specific dates on which these Defendants tainted his food and describes the adverse effects he experienced which were similar to the negative side effects which resulted in the State Court vacating the *Keyhea* order.  Plaintiff further alleges that Defendant Nurse Gonzales provided antipsychotic medication that was used to taint his meals between August 13, 2015, and April 4, 2016.  Plaintiff also alleges that J. Medina, J. Juarez, and R. Mendoza denied him meals on various dates so that he would be hungry and eat the next heavily medicated meal he was provided.

Plaintiff consented to Magistrate Judge jurisdiction a few months after initiating this action. (Doc. 16.)  On February 13, 2017, the undersigned screened the FAC and found Plaintiff's claim cognizable against A. Podsakoff, L. Lawrence, B. Stringer, J. Medina, J. Juarez, R. Mendoza, and Nurse Gonzales for involuntarily medicating Plaintiff's meals with antipsychotic medication without a *Keyhea* order.  (Doc. 28.)  That same order dismissed Plaintiff's request for injunctive relief and his retaliation and conditions of confinement claims as not cognizable; dismissed Lassey and E. Garza since they were not linked to Plaintiff's factual allegation; and dismissed Sgt. D. Hernandez since none of the claims against him were cognizable.  (*Id.*)

    **B.  *Williams v. King***

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all parties named in a civil case before a Magistrate Judge's jurisdiction vests for dispositive purposes. *Williams v. King*, 875 F.3d 500 (9th Cir. 2017).  As

---

[2] *Keyhea v. Rushen*, 178 Cal.App.3d 526, 542 (Cal. Ct. App. 1986), set forth the substantive and procedural safeguards which must be adhered to when the state seeks to involuntarily medicate state prisoners with long-term psychotropic medications.  Such courts orders are commonly known as "*Keyhea* orders."

such, a Magistrate Judge lacks jurisdiction to dismiss parties, claims, or a case based solely on a plaintiff's consent. *Id.* Here, the defendants were not yet served when that the First Amended Complaint was screened, and had neither appeared nor consented to Magistrate Judge jurisdiction. Because the named defendants had not consented, the screening and dismissal of this action is invalid under *Williams*. The undersigned stands by the analysis in the order that screened the First Amended Complaint (*see* Doc. 28) and recommends that this action continue to proceed solely on Plaintiff's claim against A. Podsakoff, L. Lawrence, B. Stringer, J. Medina, J. Juarez, R. Mendoza, and Nurse Gonzales for involuntarily medicating Plaintiff's meals with antipsychotic medication without a *Keyhea* order, and that all other claims and defendants be dismissed.

**III. Defendants' Motion for Order Requiring Security**

**A. Introduction**

Defendants seek to have Plaintiff ordered to post security under this Court's Local Rule 151(b), based on Plaintiff's litigation history and designation of Plaintiff as a vexatious litigant and the pre-filing order entered on May 11, 2012, in Kings County Superior Court case number 11C 0144. (Doc. 49.)

**B. Legal Standard**

Local Rule 151(b) states:

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

This procedural rule allows courts in this district to impose payment of a security[3] upon a finding of vexatiousness. However, Defendants do not cite any authority stating that Local Rule 151(b) allows this Court to rely solely on such a finding by a state court, ignoring federal substantive law requirements to determine vexatiousness—and the Court finds none. Defendants also fail to cite

---

[3] California law allows a defendant to "move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security…." Cal. Civ. Proc. Code § 391.1.

3

authority to require posting a security under 151(b) without a finding of vexatiousness under federal substantive law—which the Court likewise has not found. *See Smith v. Officer Sergent*, 2016 WL 6875892, at *2 (E.D. Cal., Nov. 21, 2016) (the court looks to federal law, not state law, to define a vexatious litigant"); *see also Cranford v. Crawford*, 2016 WL 4536199, at *3 (E.D. Cal., Aug. 31, 2016) (". . . the state statutory definition of vexatiousness is not enough to find a litigant vexatious in federal court."); *Goolsby v. Gonzales*, 2014 WL 2330108, at *1-2 (E.D. Cal., May 29, 2014) *report and recommendation adopted* 2014 WL 3529998 (E.D. Cal., July 15, 2014) ("Under federal law, however, the criteria under which a litigant may be found vexatious is much narrower. While Local Rule 151(b) directs the Court to look to state law for the *procedure* in which a litigant may be ordered to furnish security, this Court looks to federal law for the definition of vexatiousness, and under federal law, the standard for declaring a litigant vexatious is more stringent. . . . [T]he mere fact that a plaintiff has had numerous suits dismissed against him[4] is an insufficient ground upon which to make a finding of vexatiousness.").

This Court has inherent power under the All Writs Act, 28 U.S.C. § 1651 to enter pre-filing orders against vexatious litigants, *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007), and to sanction parties or their attorneys for improper conduct. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-46 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980); *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). This sanction authority is discretionary, *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995), and "'extends to a full range of litigation abuses,'" *Fink*, 239 F.3d at 992 (quoting *Chambers*, 501 U.S. at 46-47).

Sanctions may be imposed under a court's inherent authority on "parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons," *Sassower v. Field*, 973 F.2d 75, 81-82 (2d Cir. 1992), *cert. denied*, 507 U.S. 1043 (1993), as well as for delaying or disrupting litigation, or for taking actions in the litigation for an improper purpose -- all of which are abusive of the judicial process, *Chambers,* 501 U.S. at 43-45. However, because of their very potency, inherent powers must be exercised with restraint and discretion. *Id.*, at 44. The litigant

---

[4] Under California law, a vexatious litigant is merely one who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in *propria persona* at least five litigations other than in small claims court that have been . . . finally determined adversely to the person…." Cal. Civ. Proc. Code § 391(b)(1).

to be sanctioned must be found to have engaged either "in bad faith or willful disobedience of a court's order," *id.*, at 46-47, or conduct which constitutes, or is tantamount to, bad faith, *Roadway Express,* 447 U.S. at 767; *Miller v. City of Los Angeles,* 661 F.3d 1024, 1036 (9th Cir. 2011); *Gomez v. Vernon,* 255 F.3d 1118, 1134 (9th Cir. 2001), *cert. denied*, 534 U.S. 1066 (2001); *Fink,* at 993-94.

"Bad faith" means a party or counsel acted "vexatiously, wantonly or for oppressive reasons." *Chambers,* 501 U.S. at 45-46. Bad faith "does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar assessment of attorneys' fees." *Mark Ind., Ltd. v. Sea Captain's Choice, Inc.*, 50 F.3d 730, 732 (9th Cir. 1995) (internal quotation marks and citations omitted).

Under federal law, litigiousness alone is insufficient to support a finding of vexatiousness. *See Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990) (the plaintiff's claims must not only be numerous, but also be patently without merit). The focus is on the number of suits that were frivolous or harassing in nature, rather than merely on the number of suits that were adversely decided. *See De Long*, 912 F.2d at 1147-48 (before a district court issues a pre-filing injunction against a *pro se* litigant, the court must find the litigant's actions frivolous or harassing). The Ninth Circuit has defined vexatious litigation as "without reasonable or probable cause or excuse, harassing, or annoying." *Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 886 (9th Cir. 2012). Accordingly, the mere fact that a party has had numerous prior suits dismissed is insufficient to find him vexatious under Ninth Circuit precedent.

**C.** **Defendants' Request for Judicial Notice**

Defendants ask the court to take judicial notice that the Superior Court of Kings County declared Plaintiff a vexatious litigant and a pre-filing order was entered in case number 11 C 0144 on May 11, 2012. (Doc. 49-5, RJN, Ex. A.) Defendants further request that judicial notice be taken of the following cases filed by Plaintiff raising allegations of prison staff involuntarily medicating his meals: *Gonzales v. Cambra, et al.* (N.D. Cal. Case No. 3:97-cv-00761), dismissed with prejudice as duplicative of Plaintiff's claims in two other actions; *Gonzales v. Galaza, et al.* (E.D. Cal. Case No. 1:00-cv-06028) dismissed for failure to state a claim; *Gonzales v. Leal* (E.D.

Cal. Case No. 1:10-cv-02154), dismissed for failure to state a claim; *Gonzales v. Galaza* (E.D. Cal. Case No. 1:00-cv-06959), second amended complaint dismissed for failure to exhaust with leave to amend granted to clarify exhaustion efforts and five extensions of time granted to file a third amended complaint; case voluntarily dismissed; *Gonzales v. Calderon, et al.* (E.D. Cal. Case No. 1:01-cv-05916), Plaintiff filed a voluntary dismissal following dismissal with leave to amend; *Gonzales v. Tomlin, et al.* (E.D. Cal. Case No. 1:03-cv-05363), issue of food medication abandoned and proceeded on claim of excessive force in an amended complaint; *Gonzales v. Fresura, et al.* (E.D. Cal. Case No. 1:07-cv-00565), dismissed with prejudice for Plaintiff's failure to obey a court order by filing an amended complaint; *Gonzales v. Price* (E.D. Cal. Case No. 1:07-cv-01391), Plaintiff agreed to proceed on other cognizable claims that did not involve involuntary medication of his food; *Gonzales v. Villalovos* (Kings County Superior Court Case No. 11C0027), Plaintiff's federal causes of action including mail tampering, theft, and medicated food barred by *res judicata* and plaintiff's pattern and practice of asserting the same claims in multiple lawsuits; and *Gonzales v. Cortez et al.* (E.D. Cal. Case No. 1:10-cv-00393), Plaintiff did not amend claim that his food was being medicated, but obtained a settlement on other claims.

Defendants also request that judicial notice be taken of the order and judgment in *Gonzales v. Castro*, E.D. Cal. Case No. 1:09-cv-01545 (*id.*, Ex. C) and in *Gonzales v. Cortez, et al.*, E.D. Cal. Case No. 1:10-cv-01314 (*id.*, Ex. D), the docket, findings and recommendations, order and judgment in *Gonzales v. Buenafe, et al.*, E.D. Cal. Case No. 1:11-cv-01827 (*id.*, Ex. H), and the Ninth Circuit docket, motion to voluntarily dismiss appeal, and order dismissing appeal in *Gonzales v. Buenafe, et al.*, Ninth Circuit Case No. 14-15127 (*id.*, Ex. I). Judicial notice may be taken of undisputed matters of public record, including documents on file in federal or state courts. Fed.Rules Evid.Rule 201, 28 U.S.C.A.; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (2012). Accordingly, Defendants' request for judicial notice of all of the above (Doc. 49-5) is GRANTED.

**D.  Discussion**

Defendants argue that since Plaintiff meets California's vexatious litigant definition, this Court is allowed to require Plaintiff to post security. (Doc. 49-1, pp. 2-4.) Defendants rely,

almost exclusively on California law and do not address federal substantive law requirements to show bad faith or willful disobedience of a court's order by Plaintiff. (*See generally* Doc. 49-1.) The only evidence and arguments submitted by Defendants show that, in 2012, Plaintiff was declared a vexatious litigant in California and that he has filed a number of lawsuits which have been dismissed for various reasons over the years. (*See generally* Doc. 49-1.)

Of the cases cited by Defendants, only six were dismissed with prejudice for Plaintiff's failure to state a cognizable claim, or duplicity of claims. (*See Gonzales v. Galaza, et al.*, E.D. Cal. Case No. 1:00-cv-06028; *Gonzales v. Leal*, E.D. Cal. Case No. 1:10-cv-02154; *Gonzales v. Villalovos, et al.*, Kings County Superior Court Case No. 11C0027, demurrer sustained without leave to amend; *Gonzales v. Cambra, et al.*, N.D. Cal. Case No. 3:97-cv-00761, dismissed with prejudice as duplicative of Plaintiff's claims in two other actions; *Gonzales v. Price, et al.*, E.D. Cal. Case No. 1:07-cv-01391, dismissed based on claim duplicity and a Rule 11(b)(3) violation; and *Gonzales v. Buenafe, et al.*, E.D. Cal. Case No. 1:11-cv-01827, dismissed for claim duplicity.) Plaintiff filed voluntary dismissals in three of the cases listed by Defendants. (*See Gonzales v. Galaza*, E.D. Cal. Case No. 1:00-cv-06959; *Gonzales v. Calderon, et al.*, E.D. Cal. Case No. 1:01-cv-05916; and *Gonzales v. Buenafe, et al.*, Ninth Circuit Case No. 14-15127.) In three of the cases listed by Defendants, Plaintiff abandoned his claims of food tampering and proceeded on other claims and obtained a settlement in one of those actions. (*See Gonzales v. Tomlin, et al.,* E.D. Cal. Case No. 1:03-cv-05363; *Gonzales v. Price*, E.D. Cal. Case No. 1:07-cv-01391; and *Gonzales v. Cortez et al.*, E.D. Cal. Case No. 1:10-cv-00393 (case settled).) One case was dismissed for Plaintiff's failure to obey a court order by not filing an amended complaint. (*See Gonzales v. Fresura, et al.*, E.D. Cal. Case No. 1:07-cv-00565.) Three were dismissed because Plaintiff failed to pay the filing fee or to post security. (*See Gonzales v. Castro*, E.D. Cal. Case No. 1:09-cv-01545; *Gonzales v. Cortez, et al.*, E.D. Cal. Case No. 1:10-cv-01314; and *Gonzales v. Cortez, et al.*, Kings County Superior Court Case No. 11C0144.)

To sanction a litigant under the court's inherent powers, the Court must make a specific finding of "bad faith or conduct tantamount to bad faith." *Fink*, 239 F.3d at 994. Voluntary dismissal, either of a claim or an entire action, is not tantamount to bad faith. Failure to file an

amended complaint in compliance with a court's order also does not equate to bad faith. Likewise, dismissal because Plaintiff could not afford to pay the filing fee or security is not bad faith—particularly since these dismissals were without prejudice to refiling on payment of the appropriate fee. Finally, the fact that Plaintiff received a settlement in one of the actions listed by Defendants, *Gonzales v. Cortez et al.*, E.D. Cal. Case No. 1:10-cv-00393, although not on claims of food tainting soundly contradicts any argument of bad faith. Defendants have not argued, and the Court has no basis before it to make a specific finding of bad faith, or to declare Plaintiff a vexatious litigant under federal law.

Accordingly, defendants have failed to meet their burden to demonstrate that Plaintiff is a vexatious litigant under the applicable federal standards to warrant requiring security under Local Rule 151(b). Since defendants have failed to make a threshold showing that Plaintiff is a vexatious litigant under federal law, the Court declines to address defendants' argument that Plaintiff is not likely to succeed on the merits in this case. Based on the foregoing, the Court recommends denying Defendants' motion. The Court also recommends doing so without prejudice as Defendants may choose to file a motion requesting that Plaintiff be declared a vexatious litigant under federal standards. Because Defendants have not argued that Plaintiff is a bad faith litigant under federal law, the Court does not comment on the merits of such a motion.

### IV.     Plaintiff's Motion to Vacate the Vexatious Litigant Order

Subsequent to the briefing of this motion, Plaintiff filed a request for this Court to issue an order vacating the pre-filing order and to be removed from California's Judicial Council's vexatious litigant list. (Doc. 62.) Plaintiff contends that he "does not have long left on vexatious litigant or 3 strikes status as he has been on said status for 6 years." (*Id.*) Plaintiff states that prison officials are aware of his status and are taking advantage of it by assaulting him and medicating his meals. (*Id.*) Plaintiff does not cite any legal authority conferring jurisdiction on this Court to either remove him from California's vexatious litigant list, or to remove strikes from Plaintiff's past filings under the PLRA, and the Court finds none.

On the contrary, federal courts are courts of limited jurisdiction and are bound by the parameters of the case or controversy before them. *City of Los Angeles v. Lyons*, 461 U.S. 95,

102, 103 S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). The pendency of this action does not give the Court jurisdiction over prison officials in general or over Plaintiff's legal status in this, or any other court. *See Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969. Accordingly, Plaintiff's request to be removed from California's vexatious litigant list must be denied for lack of jurisdiction.

As Defendants correctly point out (*see* Doc. 63), in accordance with California Code of Civil Procedure section 391.7, the Judicial Council of California maintains the vexatious litigant list. Plaintiff may apply to vacate the pre-filing order and remove his name from the list. The application must be filed in the court in the case where the pre-filing order was entered, or in conjunction with a request to that court's presiding judge to file new litigation. Cal. Civ. Proc. Code § 391.8(a). That court may vacate the order and order removal of Plaintiff's name only upon a showing of a material change in the facts on which the court's order was based, and where "the ends of justice would be served" by vacating the order. Cal. Civ. Proc. Code § 391.8(c). Thus, since the Kings County Superior Court entered Plaintiff's pre-filing order, any application to vacate the order must be filed in Kings County Superior Court. (*Id.*) Plaintiff's request to be removed from California's vexatious litigant list should be denied as this Court lacks jurisdiction over the pre-filing order entered by Kings County Superior Court.

Plaintiff's request for a determination regarding strikes for future purposes of filing *in forma pauperis* under 28 U.S.C. § 1915(g) likewise exceeds this Court's jurisdiction. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969. Instead, whether any of Plaintiff's prior actions count as strikes is a determination to be made by each federal court on the filing of a new action.[5] *See Deleon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004) ("The designation of strikes has no practical consequences until a defendant in a prisoner's lawsuit raises the contention that the prisoner' suit

---

[5] It is noteworthy that, regardless of Plaintiff's prior litigation history, Plaintiff is proceeding *in forma pauperis* in this action as his allegations were found sufficient to meet the imminent danger exception to the PLRA. (*See* Doc. 5.)

or appeal may not be maintained in forma pauperis pursuant to 28 U.S.C. § 1915 because the prisoner has accumulated three strikes. At that time, because a practical consequence turns on the answer to the question, a court will need to determine whether the prisoner should be charged with three strikes. Litigation over the issue at an earlier juncture would involve the courts in disputes that might never have any practical consequence. The resolution of such disputes is not a proper part of the judicial function."); *see also Andrews v. King*, 398 F.3d 1113, 1119 n. 8 (9th Cir. 2005) (noting that district courts are not required to determine whether the prisoner's case is frivolous, malicious or fails to state a claim and therefore will count as a future strike under § 1915(g)); *Shabbazz v. Fischer*, No. 9:11-CV-0916 (TJM/ATB), 2012 WL3241653, at *1 (N.D.N.Y Aug. 7, 2012) ("In other words, a strike may not be assessed at the same time that the action or appeal is dismissed. Instead, it is up to a later judge to determine, when the time is right, whether three previously dismissed actions or appeals might constitute strikes."); *Pough v. Grannis*, 08CV1498–JM (RBB), 2010 WL 3702421, at *13 (S.D. Cal. July 16, 2010) (denying defendants' request that the court designate a dismissal as a strike under § 1915(g) at the time of dismissal). Plaintiff's request to no longer have three strikes under 28 U.S.C. § 1915(g) should also be denied for lack of jurisdiction.

**RECOMMENDATIONS**

For the reasons set forth above, this action should continue to proceed solely on Plaintiff's claims against A. Podsakoff, L. Lawrence, B. Stringer, J. Medina, J. Juarez, R. Mendoza, and Nurse Gonzales for involuntarily medicating Plaintiff's meals with antipsychotic medication in the absence of a *Keyhea* order, with all other claims and defendants dismissed. As Defendants' have not met their burden under federal law for an order to issue requiring Plaintiff to post security under Local Rule 151(b), their motion should be denied without prejudice. Finally, this Court lacks jurisdiction over Plaintiff's request to be removed from California's vexatious litigant list and to not be subject to three strikes for *in forma pauperis* purposes in future litigation.

Accordingly, it is HEREBY RECOMMENDED that:

1. this action proceed on Plaintiff's claim in the First Amended Complaint against A. Podsakoff, L. Lawrence, B. Stringer, J. Medina, J. Juarez, R. Mendoza, and Nurse

10

Gonzales for involuntarily medicating Plaintiff's meals with antipsychotic medication in the absence of a *Keyhea* order, and all other claims and defendants be dismissed;

2. Defendants' motion for an order requiring Plaintiff to pay a security under Local Rule 151(b) be denied without prejudice; and

3. Plaintiff's request to be removed from California's vexatious litigant list and to no longer have three strikes for purposes of proceeding *in forma pauperis* under 28 U.S.C. § 1915(g), filed on November 9, 2017, (Doc. 62), be denied for lack of jurisdiction.

IT IS SO ORDERED.

Dated: **February 13, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE