# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MICHAEL GONZALES,

      Plaintiff,

      v.

PODSAKOFF, et al ,

      Defendants.

**1:15-cv-00924-DAD-SKO (PC)**

**AMENDED FINDINGS AND RECOMMNDATIONS ON DEFENDANTS' MOTION FOR AN ORDER REQUIRING SECURITY, SCREENING OF THE FIRST AMENDED COMPLAINT, and ON PLAINTIFF'S MOTION TO BE REMOVED FROM THE STATE'S VEXATIOUS LITIGANT LIST**

**(Docs. 28, 49, 62, 69, 72)**

**FOURTEEN (14) DAY DEADLINE**

## FINDINGS

### I.    Procedural History

      Plaintiff, Michael Gonzales, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On September 12, 2017, Defendants filed a motion for an order requiring security under Eastern District Local Rule 151(b), which, if successful, would require Plaintiff to post security before this matter proceeds. (Doc. 49.) Plaintiff filed an opposition (Docs. 56, 57), and Defendants filed a reply (Docs. 58, 59). [1,2] The matter is deemed submitted. Local Rule 230(*l*).

---

[1] All references to pages of specific documents pertain to those set forth on the upper-right corners as a result of the CM/ECF electronic court docketing system.

[2] Plaintiff filed two documents in opposition to Defendants' motion which have been reviewed and considered. (*See* Docs. 56, 57.) Plaintiff also filed a sur-reply (Doc. 60) to which Defendants' objected (Doc. 61). Plaintiff does not have a right under either the Federal Rules of Civil Procedure or the Local Rules to file a surreply, and the Court does not find any further briefing is necessary. Accordingly, the Court declines to consider Plaintiff's surreply, which was filed without leave of court, and in light of this decision, Defendants' objections are disregarded as moot.

For the reasons set forth below, the Court recommends that Defendants' motion be denied.[3]

## II. **Plaintiff's Claims**

### A. **The First Amended Complaint**

In the First Amended Complaint ("FAC"), Plaintiff alleges he was previously subject to a *Keyhea* order[4] and received antipsychotic medications which were discontinued because he experienced a number of negative side effects. Plaintiff alleges that Defendants A. Podsakoff, L. Lawrence, B. Stringer, J. Medina, J. Juarez, and R. Mendoza then surreptitiously tainted his food with antipsychotic medications. Plaintiff provides specific dates on which these Defendants tainted his food and describes the adverse effects he experienced which were similar to the negative side effects which resulted in the State Court vacating the *Keyhea* order. Plaintiff further alleges that Defendant Nurse Gonzales provided antipsychotic medication that was used to taint his meals between August 13, 2015, and April 4, 2016. Plaintiff also alleges that J. Medina, J. Juarez, and R. Mendoza denied him meals on various dates so he would be hungry and eat the next heavily medicated meal he was provided.

Plaintiff consented to Magistrate Judge jurisdiction a few months after initiating this action. (Doc. 16.) On February 13, 2017, the undersigned screened the FAC and found Plaintiff's claim cognizable against A. Podsakoff, L. Lawrence, B. Stringer, J. Medina, J. Juarez, R. Mendoza, and Nurse Gonzales for involuntarily medicating Plaintiff's meals with antipsychotic medication without a *Keyhea* order. (Doc. 28.) That order also dismissed Plaintiff's injunctive relief request and his retaliation and conditions of confinement claims as not cognizable; dismissed Lassey and E. Garza since they were not linked to Plaintiff's factual allegations; and dismissed Sgt. D. Hernandez since none of the claims against him were

---

[3] Findings and recommendations (F&R) previously issued on February 14, 2018, which addressed all of the motions referenced in this order. However, on February 22, 2018, Defendants filed objections to the portion of the F&R which addressed their motion for security, contending that Local Rule 151 allows their motion to be addressed under the standards set by state law. (Doc. 68.) Thus, the F&R is amended to include a discussion of Defendants' motion for security under California law. However, for the reasons discussed in this order, the recommendation of denial stands.

[4] *Keyhea v. Rushen*, 178 Cal.App.3d 526, 542 (Cal. Ct. App. 1986), sets forth the substantive and procedural safeguards which must be adhered to when the state seeks to involuntarily medicate state prisoners with long-term psychotropic medications. Such courts orders are commonly known as "*Keyhea* orders."

cognizable. (*Id.*)

**B.** *Williams v. King*

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all parties named in a civil action before a magistrate judge's jurisdiction vests for dispositive ruling purposes. *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). As such, a magistrate judge lacks jurisdiction to dismiss parties, claims, or a case based solely on a plaintiff's consent. *Id.* Here, the defendants were not yet served when the First Amended Complaint was screened, and had neither appeared nor consented to magistrate judge jurisdiction. Because the named defendants had not consented, the screening and dismissal of this action is invalid under *Williams*. The undersigned stands by the analysis in the order that screened the First Amended Complaint (*see* Doc. 28) and recommends that this action continue to proceed solely on Plaintiff's claim against A. Podsakoff, L. Lawrence, B. Stringer, J. Medina, J. Juarez, R. Mendoza, and Nurse Gonzales for involuntarily medicating Plaintiff's meals with antipsychotic medication without a *Keyhea* order, and that all other claims and defendants be dismissed.

**III.** **Defendants' Motion for Order Requiring Security**

**A.** **Introduction**

Defendants seek to have Plaintiff ordered to post security under this Court's Local Rule 151(b), based on Plaintiff's litigation history and designation of Plaintiff as a vexatious litigant and the pre-filing order entered on May 11, 2012, in Kings County Superior Court case number 11C 0144. (Doc. 49.) Local Rule 151(b) provides:

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

**B.** **Defendants' Request for Judicial Notice**

Defendants ask the court to take judicial notice that the Superior Court of Kings County declared Plaintiff a vexatious litigant and a pre-filing order was entered in case number 11 C 0144 on May 11, 2012. (Doc. 49-5, RJN, Ex. A.) Defendants further request that judicial notice be

taken of the following:

1.    California's Vexatious Litigant List, California Courts
        http://www.courts.ca.gov/documents/vexlit.pdf. (Ex. B.)

2.    *Gonzales v. Castro*, E.D. Cal. Case No. 1:09-cv-01545
        Order and judgment. (Ex. C.)

3.    *Gonzales v. Cortez, et al.*, E.D. Cal. Case No. 1:10-cv-01314
        Order and judgment. (Ex. D.)

4.    *Gonzales v. Price, et al.*, E.D. Cal. Case No. 1:07-cv-01391
        Screening order, findings and recommendations, order, and judgment. (Ex. E.)

5.    *Gonzales v. Villalovos, et al.*, Kings County Superior Court Case No. 11C0027
        Court informational page, complaint, third amended complaint, notice of entry of
        order and order sustaining demurrer to third amended complaint without leave to
        amend, and judgment. (Ex. F.)

6.    *Gonzales v. Leal, et al.*, E.D. Cal. Case No. 1:10-cv-02154
        Screening order, findings and recommendations, order, and judgment. (Ex. G.)

7.    *Gonzales v. Buenafe, et al.*, E.D. Cal. Case No. 1:11-cv-01827
        District court docket, findings and recommendations, order, and judgment.
        (Ex. H.)

8.    *Gonzales v. Buenafe, et al.*, Ninth Circuit Case No. 14-15127
        Ninth Circuit docket, motion to voluntarily dismiss appeal, and order dismissing
        appeal. (Ex. I.)

9.    *Gonzales v. Galaza, et al.*, E.D. Cal. Case No. 1:00-cv-06028
        Findings and recommendations, order, and judgment. (Ex. J.)

10.   *Gonzales v. Galaza, et al.*, E.D. Cal. Case No. 1:00-cv-06959
        District court docket, order dismissing first amended complaint, order dismissing
        second amended complaint, order granting Plaintiff's request to voluntarily
        dismiss action, and judgment. (Ex. K.)

11.   *Gonzales v. Calderon, et al.*, E.D. Cal. Case No. 1:01-cv-05916
        District court docket, order dismissing complaint with leave to amend, and
        judgment. (Ex. L.)

12.   *Gonzales v. Tomlin, et al.*, E.D. Cal. Case No. 1:03-cv-05363
        District court docket, screening order, first amended complaint, and order finding
        service appropriate. (Ex. M.)

13.   *Gonzales v. Fresura, et al.*, E.D. Cal. Case No. 1:07-cv-00565

4

Order dismissing complaint with leave to amend, findings and recommendations, order dismissing action with prejudice, and judgment.  (Ex. N.)

14.    *Gonzales v. Cortez, et al.*, E.D. Cal. Case No. 1:10-cv-00393
Screening order and response by Plaintiff.  (Ex. O.)

Judicial notice may be taken of undisputed matters of public record, including documents on file in federal or state courts.   Fed.Rules Evid.Rule 201, 28 U.S.C.A.; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (2012).  Accordingly, Defendants' request for judicial notice (Doc. 49-5) is GRANTED.

C.    **Analysis**

1.    **Legal Standards -- Federal Law**

Local Rule 151(b) is a procedural rule which allows courts in this district to impose payment of a security upon a finding of vexatiousness.  However, Defendants do not cite any authority stating that Local Rule 151(b) allows this Court to rely solely on such a finding by a state court, ignoring federal substantive law requirements to determine vexatiousness—and the Court finds none.  Defendants also fail to cite authority to require posting a security under 151(b) without a finding of vexatiousness under federal substantive law—which the Court likewise has not found.  *See Smith v. Officer Sergent*, 2016 WL 6875892, at *2 (E.D. Cal., Nov. 21, 2016) (the court looks to federal law, not state law, to define a vexatious litigant"); *see also Cranford v. Crawford*, 2016 WL 4536199, at *3 (E.D. Cal., Aug. 31, 2016) (". . . the state statutory definition of vexatiousness is not enough to find a litigant vexatious in federal court."); *Goolsby v. Gonzales*, 2014 WL 2330108, at *1-2 (E.D. Cal., May 29, 2014) *report and recommendation adopted* 2014 WL 3529998 (E.D. Cal., July 15, 2014) ("Under federal law, however, the criteria under which a litigant may be found vexatious is much narrower.  While Local Rule 151(b) directs the Court to look to state law for the *procedure* in which a litigant may be ordered to furnish security, this Court looks to federal law for the definition of vexatiousness, and under federal law, the standard for declaring a litigant vexatious is more stringent. . . . [T]he mere fact that a plaintiff has had numerous suits dismissed against him is an insufficient ground upon which to make a finding of vexatiousness.").

This Court has inherent power under the All Writs Act, 28 U.S.C. § 1651 to enter pre-filing orders against vexatious litigants, *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007), and to sanction parties or their attorneys for improper conduct. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-46 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980); *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). This sanction authority is discretionary, *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995), and "'extends to a full range of litigation abuses,'" *Fink*, 239 F.3d at 992 (quoting *Chambers*, 501 U.S. at 46-47).

Sanctions may be imposed under a court's inherent authority on "parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons," *Sassower v. Field*, 973 F.2d 75, 81-82 (2d Cir. 1992), *cert. denied*, 507 U.S. 1043 (1993), as well as for delaying or disrupting litigation, or for taking actions in the litigation for an improper purpose—which are all abusive of the judicial process, *Chambers,* 501 U.S. at 43-45. Because of their very potency, however, inherent powers must be exercised with restraint and discretion. *Id.*, at 44. The litigant to be sanctioned must be found to have engaged either "in bad faith or willful disobedience of a court's order," *id.*, at 46-47, or conduct which constitutes, or is tantamount to, bad faith, *Roadway Express,* 447 U.S. at 767; *Miller v. City of Los Angeles,* 661 F.3d 1024, 1036 (9th Cir. 2011); *Gomez v. Vernon,* 255 F.3d 1118, 1134 (9th Cir. 2001), *cert. denied*, 534 U.S. 1066 (2001); *Fink,* at 993-94.

"Bad faith" means a party or counsel acted "vexatiously, wantonly or for oppressive reasons." *Chambers,* 501 U.S. at 45-46. Bad faith "does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar assessment of attorneys' fees." *Mark Ind., Ltd. v. Sea Captain's Choice, Inc*., 50 F.3d 730, 732 (9th Cir. 1995) (internal quotation marks and citations omitted).

Under federal law, litigiousness alone is insufficient to support a finding of vexatiousness. *See Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990) (the plaintiff's claims must not only be numerous, but also be patently without merit). The focus is on the number of suits that were frivolous or harassing in nature, rather than simply on the number of suits that were adversely

decided. *See De Long*, 912 F.2d at 1147-48 (before a district court issues a pre-filing injunction against a *pro se* litigant, the court must find the litigant's actions frivolous or harassing). The Ninth Circuit has defined vexatious litigation as "without reasonable or probable cause or excuse, harassing, or annoying." *Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 886 (9th Cir. 2012). Accordingly, the mere fact that a party has had numerous prior suits dismissed is insufficient to find that party vexatious under Ninth Circuit precedent.

### a. **Discussion**

Defendants contend that since Plaintiff meets California's vexatious litigant definition, this Court is allowed to require Plaintiff to post security. (Doc. 49-1, pp. 2-4.) Defendants rely almost exclusively on California law and do not address federal substantive law requirements to show bad faith or willful disobedience of a court's order by Plaintiff. (*See generally* Doc. 49-1.) The only evidence and arguments submitted by Defendants reveal that in 2012, Plaintiff was declared a vexatious litigant in California and that he has filed a number of lawsuits which have been dismissed for various reasons over the years. (*See generally* Doc. 49-1.)

Of the cases cited by Defendants, only six were dismissed with prejudice for Plaintiff's failure to state a cognizable claim, or duplicity of claims. (*See Gonzales v. Galaza, et al.*, E.D. Cal. Case No. 1:00-cv-06028; *Gonzales v. Leal*, E.D. Cal. Case No. 1:10-cv-02154; *Gonzales v. Villalovos, et al.*, Kings County Superior Court Case No. 11C0027, demurrer sustained without leave to amend; *Gonzales v. Cambra, et al.*, N.D. Cal. Case No. 3:97-cv-00761, dismissed with prejudice as duplicative of Plaintiff's claims in two other actions; *Gonzales v. Price, et al.*, E.D. Cal. Case No. 1:07-cv-01391, dismissed based on claim duplicity and a Rule 11(b)(3) violation; and *Gonzales v. Buenafe, et al.*, E.D. Cal. Case No. 1:11-cv-01827, dismissed for claim duplicity.) Plaintiff filed voluntary dismissals in three of the cases listed by Defendants. (*See Gonzales v. Galaza*, E.D. Cal. Case No. 1:00-cv-06959; *Gonzales v. Calderon, et al.*, E.D. Cal. Case No. 1:01-cv-05916; and *Gonzales v. Buenafe, et al.*, Ninth Circuit Case No. 14-15127.) In three of the cases listed by Defendants, Plaintiff abandoned his claims of food tampering and proceeded on other claims and obtained a settlement in one of those actions. (*See Gonzales v. Tomlin, et al.*, E.D. Cal. Case No. 1:03-cv-05363; *Gonzales v. Price*, E.D. Cal. Case No. 1:07-cv-

01391; and *Gonzales v. Cortez et al.*, E.D. Cal. Case No. 1:10-cv-00393 (case settled).) One case was dismissed for Plaintiff's failure to file an amended complaint as ordered by the court. (*See Gonzales v. Fresura, et al.*, E.D. Cal. Case No. 1:07-cv-00565.) Three cases were dismissed because Plaintiff failed to pay the filing fee or post security. (*See Gonzales v. Castro*, E.D. Cal. Case No. 1:09-cv-01545; *Gonzales v. Cortez, et al.*, E.D. Cal. Case No. 1:10-cv-01314; and *Gonzales v. Cortez, et al.*, Kings County Superior Court Case No. 11C0144.)

To sanction a litigant under the court's inherent powers, the Court must make a specific finding of "bad faith or conduct tantamount to bad faith." *Fink*, 239 F.3d at 994. Voluntary dismissal, either of a claim or an entire action, is not tantamount to bad faith. Failure to file an amended complaint in compliance with a court's order also does not equate to bad faith. Likewise, dismissal because Plaintiff could not afford to pay the filing fee or security is not bad faith—particularly since these dismissals were without prejudice to refiling upon payment of the appropriate fee. Finally, the fact that Plaintiff received a settlement in one of the actions listed by Defendants, *Gonzales v. Cortez et al.*, E.D. Cal. Case No. 1:10-cv-00393, although not on claims of food tainting, soundly contradicts any argument of bad faith. Defendants have not argued, and the Court has no basis before it to make a specific finding of bad faith, or to declare Plaintiff a vexatious litigant under federal law.

Accordingly, defendants have failed to meet their burden of demonstrating that Plaintiff is a vexatious litigant under the applicable federal standards to warrant requiring security under Local Rule 151(b). Based on the foregoing, the Court recommends denying Defendants' motion. The Court recommends doing so without prejudice as Defendants may choose to file a motion requesting that Plaintiff be declared a vexatious litigant under federal standards. Because Defendants have not argued that Plaintiff is a bad faith litigant under federal law, the Court does not address the merits of such a motion.

## 2.      Legal Standards -- California Law

In their objections to the first Findings and Recommendations, Defendants argue that they are not required to meet federal standards and that their motion should be evaluated under California law. (Doc. 68.) As discussed below, Defendants fail to make the requisite showing—

8

even under California's lesser standards— to require Plaintiff to furnish a security.

California Code of Civil Procedure[5] § 391.1 provides:

> In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security or for an order dismissing the litigation pursuant to subdivision (b) of Section 391.3. The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant.

### a.    <u>Discussion</u>

### (1)    <u>Vexatiousness Under California Law</u>

A vexatious litigant under California law is one who "[h]as previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction or occurrence." Cal. Civ. Proc. Code § 391(b)(4). Defendants point to the May 11, 2012 vexatious designation in Kings County case number 11 C 0144 to meet the vexatious showing required by Code 391.1. (Doc. 49-1, p. 10.)

To determine whether Kings County case number 11 C 0144 and this action "arise from essentially the same facts, transaction or occurrence," a determination must be made by examining the factual allegations underlying the two cases. *Devereaux v. Latham & Watkins*, 32 Cal.App.4th 1571, 1581 (Cal. Ct. App. 1995), *disapproved in part on other grounds by Moran v. Murtaugh Miller Meyer & Nelson*, LLP, 40 Cal.4th 780, 785 n.7 (Cal. 2007). To this end, Defendants provided a copy of the order finding Plaintiff a vexatious litigant, the prefiling order, and the order of dismissal in Kings County case number 11 C 0144. (Doc. 49-5, Exh. A, pp. 5-14.) However, Defendants fail to "supply the necessary information" for this Court to evaluate the underlying allegations of Plaintiff's claims in the Kings County action. Fed. R. Evid. 201(c)(1)-(2). As such, this Court is unable to find that Kings County in case number 11 C 0144 was "based upon the same or substantially similar facts, transaction or occurrence" as those raised by Plaintiff in this action to meet Defendants' burden of showing Plaintiff is a vexatious litigant.

---

[5] The California Civil Procedure Codes are hereinafter referred to as "Code § *."

California law also defines, as vexatious, a litigant who in the immediately preceding seven-year period has commenced, prosecuted, or maintained *in propria persona* at least five litigations other than in small claims court that have been finally determined adversely to the person. Cal. Civ. Proc. Code (CCP) § 391(b)(1). Defendants point to eight cases and provide explanations for each dismissal which they contend equate to adverse determinations. (Doc. 49-1, pp. 10-11.) However, two of the cases relied on by Defendants were dismissed without prejudice because Plaintiff failed to pay the filing fee. *See Gonzales v. Castro,* E.D. Cal. Case No. 1:09-cv-01545; *Gonzales v. Cortez, et al.,* E.D. Cal. Case No. 1:10-cv-01314. Defendants provide no authority in support of the position that a dismissal without prejudice is an adverse determination—and the Court finds none. Further, Plaintiff voluntarily dismissed *Gonzales v. Buenafe, et al.*, Ninth Circuit Case No. 14-15127, and the Court is also unable to find any basis to conclude a voluntary dismissal is an adverse determination—and Defendants have provided none.

Defendants rely on four cases that were terminated based on rulings that were clearly adverse to Plaintiff: (1) *Gonzales v. Villalovos, et al.*, Kings County Superior Court Case No. 11C0027, demurrer sustained without leave to amend; (2) *Gonzales v. Leal*, E.D. Cal. Case No. 1:10-cv-02154, dismissed with prejudice for Plaintiff's failure to state a cognizable claim; (3) *Gonzales v. Buenafe, et al.*, E.D. Cal. Case No. 1:11-cv-01827, dismissed on *res judicata*; and (4) *Gonzales v. Price*, E.D. Cal. Case No. 1:07-cv-01391, dismissed on *res judicata*. The dismissal of *Gonzales v. Cortez, et al.*, Kings County Superior Court Case No. 11C0144, for Plaintiff's failure to post security after being declared vexatious, also qualifies as an adverse determination. Thus, Defendants have met the burden, under CCP § 391(b)(1), of showing that Plaintiff qualifies as a vexatious litigant. However, as discussed below, Defendants fail to show that there is no reasonable probability Plaintiff will prevail in this action as required by CCP § 391.1.

### (2)      Reasonable Probability of Prevailing

CCP § 391.1 also requires Defendants to show that Plaintiff does not have a reasonable probability of prevailing in this litigation. This requires "the defendant [to] show that the plaintiff's recovery is foreclosed as a matter of law or that there are insufficient facts to support recovery by the plaintiff on its legal theories, even if all the plaintiff's facts are credited."

10

*Devereaux*, 32 Cal.App.4th at 1583. To make this determination, the Court performs an evaluative function and is required to weigh the evidence; it does not assume the truth of Plaintiff's allegations. *Moran*, 40 Cal.4th at 784-86; *Golin v. Allenby*, 190 Cal.App.4th 616, 635 (Cal. Ct. App. 2010).

### (a) <u>Exhaustion</u>

Defendants first contend that there is no reasonable probability that Plaintiff will prevail on his claims in this action because he failed to satisfy the mandatory exhaustion requirement under the Prison Litigation Reform Act ("PLRA") in violation of 42 U.S.C. 1997(e)(a). (Doc. 49-1, pp. 13-17.)

### (i) <u>Legal Standards</u>

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust available administrative remedies prior to filing suit. *Jones*, 549 U.S. at 211; *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Where, as here, a prisoner proceeds in an action under § 1983 on an amended complaint, the PLRA is satisfied if the inmate exhausted administrative remedies after the filing of the original complaint, but before filing of the amended complaint. *Rhodes v. Robinson*, 621 F.3d 1002, 1007 (9th Cir. 2010). The claims must be "new" such that the events giving rise to them did not occur until after the filing of the original complaint, and the precipitating events of the new claim(s) must be related to the events alleged in the original complaint. *Id.* Conversely, where the events on which a claim is based occurred before the filing of the original complaint, the claim is not "new" and must have been exhausted before the filing of the original complaint. *Id.*

Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Inmates must adhere to the "critical procedural rules" specific to CDCR's process. *Reyes v. Smith,* --- F.3d ---, 2016 WL 142601, *2

11

(9th Cir. Jan. 12, 2016). The exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002), regardless of the relief both sought by the prisoner and offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availability' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, --- U.S. ---, 136 S. Ct. 1850, 1858 (June 6, 2016). An inmate is required to exhaust those, but only those, grievance procedures that are "capable of use" to obtain "some relief for the action complained of." *Id.* at 1858-59, citing *Booth v. Churner,* 532 U.S. 731, 738 (2001). However, "a prisoner need not press on to exhaust further levels of review once he has [ ] received all 'available' remedies." *See Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

Defendants must first prove that there was an available administrative remedy which Plaintiff failed to exhaust before filing suit. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino*, 747 F.3d at 1172). If Defendants carry their burden of proof, the burden of production shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust," Defendants prevail. *Williams*, at 1166.

### (ii)    The Inmate Appeals Process

The California Department of Corrections and Rehabilitation ("CDCR") has a generally available administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners welfare, Cal. Code Regs., tit. 15, § 3084, *et seq*. Compliance with section 1997e(a) requires California state prisoners to use that process to exhaust their claims. *Woodford v. Ngo*, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); *Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010).

As of 2011, a CDCR inmate initiates the grievance process by submitting a Form 602, colloquially called an inmate appeal ("IA"), describing "the problem and action requested." Cal. Code Regs., tit. 15, § 3084.2(a). An IA must be submitted within 30 calendar days of the event or

decision being appealed, first knowledge of the action or decision being appealed, or receipt of an unsatisfactory departmental response to an appeal filed. Tit. 15 § 3084.8(b). The inmate is limited to raising one issue, or a related set of issues, per IA, in the space provided on the first page of the IA form and one attached page (which must be on the prescribed Attachment form "602-A") in which the inmate must state all facts known on that issue. Tit. 15 § 3084.2(a)(1),(2), & (4). All involved staff members are to be listed along with a description of their involvement in the issue. Tit. 15 § 3084.2(a)(3). Originals of supporting documents must be submitted with the IA; if they are not available, copies may be submitted with an explanation as to why the originals are not available and are subject to verification at the discretion of the appeals coordinator. Tit. 15 § 3084.2(b). With limited exceptions, an inmate must initially submit his or her IA to the first-level. Tit. 15 § 3084.7. If dissatisfied with the first-level response, the inmate must submit the IA to the second-level within thirty days, and then to the third-level. Tit. 15 § 3084.2, & .7. First and second-level appeals must be submitted to the appeals coordinator at the institution for processing. Tit. 15 § 3084.2(c). Third-level appeals must be mailed to the Appeals Chief via the United States Postal Service. Tit. 15 § 3084.2(d).

### (iii)     **Defendants' Motion**

Defendants contend that the first date of any alleged involuntary medication by any of the defendants in this action is March 14, 2015. (Doc. 49-1, p. 13.) Defendants contend that Plaintiff was required to complete the grievance process through the third-level of review between March 14, 2015, and June 27, 2016, when he filed the FAC. (*Id.*) While acknowledging that Plaintiff submitted numerous IAs between those dates, Defendants' claim that the evidence shows only eight grievances briefly mention the issues of involuntary medication, tainted food, and denial of meals. (*Id*, citing generally Voong and Lewis Dec.) Defendants maintain that the evidence shows that none of those appeals grieved the claims of involuntary medication or denial of meals against the seven named Defendants in this lawsuit or placed the institution on notice of the claims in this lawsuit. (*Id.*) Defendants' position is flawed.

First, Plaintiff is not proceeding in this action solely on incidents that allegedly occurred between March 14, 2015, and April 4, 2016. These are the dates that Plaintiff alleged Nurse

Gonzales provided medications to the other Defendants to taint Plaintiff's meals. (Doc. 26, p. 9.) However, as acknowledged in the February 13, 2017 screening order, Plaintiff also provides specific dates on which each of the other Defendants allegedly tainted his meals or withheld his meals so he would be hungry and eat all of the next heavily medicated meals he was served: Podsakoff 5-7-15, 5-19-15, 5-12-15, 5-14-15, 5-26-15; L. Lawrence 5-26-15, 5-25-15; B. Stringer 3-14-15; J. Juarez 3-14-15, 3-20-15; Medina 5-3-15, 5-4-15; R. Mendoza 5-26-15; and J. Medina, J. Juarez, and Mendoza alleged denied Plaintiff meals 3-24-15 to 3-31-15. (Doc. 26, FAC, pp. 8-9; Doc. 28, Screen O, p. 6.) Thus, the applicable time frame in which to review Plaintiff's IAs is from the first alleged incident by B. Stringer and J. Juarez on March 14, 2015, through the filing of the FAC on June 27, 2016.

Second, Defendants' position pertains to their analysis of IA COR-15-02494, which they contend did not suffice to exhaust administrative remedies on Plaintiff's claims in this action. Specifically, Defendants contend that the subject of this appeal was "Emergency 602 on starvation retaliation," and only alleged that four of the named Defendants denied Plaintiff breakfast and dinner in retaliation for a suit he filed; it did not allege his food was being medicated without his consent. (Doc. 49-1, p. 14, citing Voong Decl., Ex. C.) Defendants contend that this IA was insufficient since the second level response clearly stated that any unrelated issue not covered in the response or concerning any staff member not identified by Plaintiff in the grievance would not be exhausted. (*Id.*) Defendants also claim that this IA was insufficient since Plaintiff filed it on April 26, 2015, before some of the events alleged in this lawsuit occurred. (*Id.*) Defendants therefore maintain this grievance did not put the institution on notice that any of the named Defendants were illegally medicating Plaintiff's food. (*Id.*)

However, the Third Level Appeal Decision on IA COR-15-02494 noted Plaintiff's allegations that he had been denied meals by four of the seven Defendants against whom Plaintiff proceeds in this action. (Doc. 49-3, pp. 31, 33.) The last sentence of the paragraph titled "I. Appellant's Argument," also acknowledged Plaintiff's request for "an investigation and to be given three meals a day without any medication or contaminants." (*Id.*, p. 32.) It matters not whether Plaintiff alleged that his meals were being tainted in his initial filing of this IA. "[A]

prisoner exhausts 'such administrative remedies as are available,' 42 U.S.C. § 1997e(a), under the PLRA despite failing to comply with a procedural rule if prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process." *Reyes v. Smith,* 810 F.3d 654, 658 (9th Cir. Jan. 12, 2016).  Since Plaintiff's concern of receiving tainted meals (when he was fed) was included and addressed in the Third Level Appeal Decision, it sufficed to alert "the prison to the nature of the wrong for which redress is sought." *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir.2010) (quoting *Griffin*, 557 F.3d at 1120).  Defendants also appear to contend that this IA, and all of the IAs Plaintiff filed, were deficient for exhaustion purposes since Plaintiff did not name each of the seven Defendants in this action in any of them.  (Doc. 49-1, p. 13 citing "*See generally* Voong and Lewis Decls.".)  This argument is apparently based on Code § 3084.2(a)(3) which requires an inmate to "list all staff member(s) involved and . . . describe their involvement in the issue."  As the Ninth Circuit has held, however, where prison officials decide a potentially flawed IA on the merits, as occurred with IA COR-15-02494, an inmate need not name every Defendant in it.  *See Reyes v. Smith,* 810 F.3d 654 (9th Cir. 2016) (finding an inmate need not name every Defendant in an IA despite the requirements in Cal. Code Regs. Tit. 15 § 3084.2(a) to "list all staff member(s) involved" in a grievance and "describe their involvement in the issue" where prison officials decided the potentially flawed grievance on the merits).

Defendants also contend this IA was insufficient because Plaintiff filed it on April 26, 2015—before some of the events alleged in this lawsuit occurred.  (Doc. 49-1, p. 14.)  However, an IA filed before the occurrence of all alleged events, and pursued through all available remedies, suffices to exhaust the inmates' available administrative remedies on claims involving repeated acts of harm.  *See e.g. Crayton v. Hedgpeth*, 2011 WL 1988450, *4 (E.D. Cal. 2011) (refusing to exclude the possibility that an IA addressed and exhausted the plaintiff's claim where the Director's level of review did not deny the IA until after the alleged incident occurred, motion denied without prejudice to refiling with the proper evidentiary showing if the defendants obtained documents from the IA that showed the claim was not considered); *Passer v. Steevers*, 2010 WL 3210850, *7-8 (E.D. Cal. 2010) (IA challenging the quality of medical care received to

date was sufficient to alert the prison to a problem and facilitate its resolution such that fact that inmate IA filed prior to inappropriate epidural injection prescription seeking surgeries (which were received) but which did not articulate claims regarding the injections sufficed to exhaust claims based on the injections); *Victory v. Barber*, 2009 WL 2986418, *7-9 (E.D. Cal. 2009) (finding a claim is exhausted if it is a continuation of a problem raised by a prior fully exhausted IA, but that claims which were neither considered, nor discussed, by prison officials when raised in second level and Director's level had not been exhausted); *Lewis v. Naku*, 2007 WL 3046013, *5 (E.D. Cal. 2007) (finding that an inmate need not repeatedly exhaust a recurring issue).

The Third Level Appeal Decision on IA COR-15-02494 acknowledged Plaintiff's complaints of being denied meals and his request to receive "three meals a day without any medication or contaminants." (Doc. 49-3, pp. 32, 33.) That decision concluded as follows: "This decision exhausts the administrative remedy available to the appellant within CDCR." (*Id.*, p. 33.) The Court finds that IA COR-15-02494 sufficed to exhaust the claims on which Plaintiff proceeds in this action for purposes of the PLRA.

Defendants also fail to acknowledge, or even comment on IA COR-14-06047, which Plaintiff submitted with his opposition. (Doc. 57, pp. 10-1.) The Third Level Appeal Decision on this IA acknowledged "Appellant's Argument" as "custody staff are inappropriately removing (sic) placing medication in his meals. Additionally, the appellant alleges the staff have (sic) denied him meal service due to a previous settlement he received. . . ." (*Id.*, p. 10.) The Second Level Decision noted in the Third Level Decision states that "Staff attested they were not placing any medication inside of the appellant's food nor were they denying him meal service." (*Id.*) Although Plaintiff is not proceeding in this action on claims that his meals were being tampered with in retaliation for a previously settled a case, the crux of his claim in this action—that his meals are being tainted with medications and variously withheld—was clearly raised in this IA. Further, for the reasons discussed above, like IA COR-15-02494, this IA suffices for exhaustion of Plaintiff's claims in this action even though Plaintiff filed it and it was resolved before all of the events claimed by Plaintiff in this action allegedly occurred.

//

IA COR-15-02494 and IA-14-06047 sufficed to exhaust administrative remedies on Plaintiff's claims in this action.[6] Thus, for purposes of Defendants' current motion, the Court cannot find that there is no reasonable probability that Plaintiff will not prevail in this action due to a failure to exhaust available administrative remedies as required by the PLRA. Cal. Civ. Proc. § 391.3.

### (b) Plaintiff's Prior Lawsuits

Defendants also contend there is no reasonable probability that Plaintiff will prevail in this action because he raised allegations of prison staff involuntarily medicating meals in ten past actions "and lost." (Doc. 49-1, pp. 17-19.) Defendants list ten actions and the circumstances of each dismissal which they contend support their position. (*Id.*) However, the circumstances under which those cases were dismissed do not necessarily show that Plaintiff "lost" those actions, let alone provide a basis to find that Plaintiff will not prevail in this action.

After receiving leave to amend, Plaintiff voluntarily dismissed *Gonzales v. Galaza*, E.D. Cal. Case No. 1:00-cv-06959 and *Gonzales v. Calderon, et al.*, E.D. Cal. Case No. 1:01-cv-05916. Plaintiff abandoned the issue of food medication in an amended complaint[7] in *Gonzales v. Tomlin, et al.*, E.D. Cal. Case No. 1:03-cv-05363, which is akin to voluntary dismissal of that claim. In *Gonzales v. Cortez et al.*, E.D. Cal. Case No. 1:10-cv-00393, Plaintiff also elected to proceed on claims found cognizable, and abandoned his claim of involuntary medication. The Court declines to find that a plaintiff's voluntary abandonment or dismissal of a claim is akin to prosecuting the claim and losing. Defendants fail to cite any legal authority to support their contention, and the Court also notes that Plaintiff was granted leave to amend to cure the deficiencies in his pleading. Each court that granted leave to amend necessarily determined that the deficiencies in Plaintiff's claim were capable, in some manner, of being cured. *See Lopez v.Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are

---

[6] On February 26, 2018, Plaintiff filed a motion for an extension of time to reply to Defendants' motion for security (Doc. 69) and a surreply which addressed his exhaustion efforts (Doc. 72). However, Plaintiff does not have a right to file a surreply under the Local Rules or the Federal Rules of Civil Procedure. Further, since Defendants' motion in this regard is resolved in Plaintiff's favor without considering Defendants' surreply, Plaintiff's motion for an extension to file a surreply is disregarded as moot.

[7] Plaintiff proceeded through trial on the other claims in that action.

only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."); *compare Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012) (leave to amend defects in *pro se* pleading need not be extended where incapable of being cured through amendment).

As to *Gonzales v. Price*, E.D. Cal. Case No. 1:07-cv-01391, Defendants contend that "[t]he district court dismissed the claim in its screening order and found it did 'not rise to the level of cognizable claims under the Due Process Clause' or the Eighth Amendment." (Doc. 49-1, p. 18.) However, the findings and recommendation and the dismissal order show that case was dismissed because Plaintiff's claims of retaliation and interference with his mail were barred by *res judicata*. *Id*. Plaintiff had previously been granted leave to amend his claim of involuntary medication on screening, but voluntarily abandoned it, electing instead to proceed on other claims already found cognizable. *Id.* Defendants provide no authority to find that dismissal of an action under *res judicata* of remaining claims extends to claims that had been voluntarily dismissed by a plaintiff in that action, and the Court finds none.

Finally, Defendants contend that *Gonzales v. Cambra, et al.,* N.D. Cal. Case No. 3:97-cv-00761 was dismissed with prejudice as duplicative of Plaintiff's claims in two other suits. (Doc. 49-1, p. 17.) Defendants contend that the dismissal order in *Gonzales v. Cambra* expressly stated that "an *in forma pauperis* complaint repeating the same factual allegations asserted in an earlier case, as here, even if now filed against new defendants, is therefore subject to dismissal as duplicative." *Id.* However, the Ninth Circuit recently held that claim preclusion does not apply to claims that are identical but accrue after filing of the prior action. *Howard v. City of Coos Bay*, 871 F.3d 1032 (9th Cir. 2017). In any event, Defendants did not provide the dates of the alleged occurrences in any of these actions to verify whether dismissal of the Northern District case for duplicity was appropriate in light of *Howard*. Defendants also fail to list *Gonzales v. Cambra* in their request for judicial notice, or in the request judicial notice of the two cases which were

found barred by *res judicata* (*Compare* Doc. 49-1, p. 17, Doc. 49-5.)  The Court declines to take judicial notice *sua sponte* where Defendants have failed to request it.  Accordingly, neither *Gonzales v. Cambra*, nor the other cases Defendants contend it duplicated, are considered since they were not included in the request for judicial notice and Defendants failed to show service on Plaintiff in compliance with Local Rule 133(i)(3)(ii).

Only three of the cases listed by Defendants were dismissed because Plaintiff failed to state a cognizable claim:  *Gonzales v. Galaza, et al.,* E.D. Cal. Case No. 1:00-cv-06028; *Gonzales v. Fresura, et al.,* E.D. Cal. Case No. 1:07-cv-00565; and *Gonzales v. Leal*, E.D. Cal. Case No. 1:10-cv-02154.  The Court acknowledges that dismissal for failure to state a cognizable claim qualifies as Plaintiff's loss of those actions.  However, dismissal of three cases for failure to state a claim does not suffice to meet Defendants' burden to "show that the plaintiff's recovery is foreclosed as a matter of law or that there are insufficient facts to support recovery by the plaintiff on its legal theories, . . . ."  *Devereaux*, 32 Cal.App.4th at 1583.  Accordingly, even under California law, Defendants have not met the burden of requiring Plaintiff to post security in this action.

**IV.    Plaintiff's Motion to Vacate the Vexatious Litigant Order**

Following the briefing of this motion, Plaintiff filed a request for this Court to issue an order vacating the pre-filing order and to be removed from California's Judicial Council's vexatious litigant list.  (Doc. 62.)  Plaintiff contends that he "does not have long left on vexatious litigant or 3 strikes status as he has been on said status for 6 years."  (*Id.*)  Plaintiff states that prison officials are aware of his status and are taking advantage of it by assaulting him and medicating his meals.  (*Id.*)  Plaintiff does not cite any legal authority conferring jurisdiction on this Court to either remove him from California's vexatious litigant list, or to remove strikes from Plaintiff's past filings under the PLRA, and the Court finds none.

On the contrary, federal courts are courts of limited jurisdiction and are bound by the parameters of the case or controversy before them.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982).  The pendency of this action does not give the

Court jurisdiction over prison officials in general or over Plaintiff's legal status in this, or any other court. *See Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969. Accordingly, Plaintiff's request to be removed from California's vexatious litigant list must be denied for lack of jurisdiction.

As Defendants correctly note (*see* Doc. 63), in accordance with California Code of Civil Procedure section 391.7, the Judicial Council of California maintains the vexatious litigant list. Plaintiff may apply to vacate the pre-filing order and remove his name from the list. The application must be filed in the court in the case where the pre-filing order was entered, or in conjunction with a request to that court's presiding judge to file new litigation. Cal. Civ. Proc. Code § 391.8(a). That court may vacate the order, and order removal of Plaintiff's name only upon a showing of a material change in the facts on which the court's order was based, and where "the ends of justice would be served" by vacating the order. Cal. Civ. Proc. Code § 391.8(c). Since the Kings County Superior Court entered Plaintiff's pre-filing order, any application to vacate the order must be filed in Kings County Superior Court. (*Id.*) Plaintiff's request to be removed from California's vexatious litigant list should be denied as this Court lacks jurisdiction over the pre-filing order entered by the Kings County Superior Court.

Plaintiff's request for a determination regarding strikes for future purposes of filing *in forma pauperis* under 28 U.S.C. § 1915(g) likewise exceeds this Court's jurisdiction. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969. Instead, whether any of Plaintiff's prior actions count as strikes is a determination to be made by each federal court on the filing of a new action.[8] *See Deleon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004) ("The designation of strikes has no practical consequences until a defendant in a prisoner's lawsuit raises the contention that the prisoner' suit or appeal may not be maintained in forma pauperis pursuant to 28 U.S.C. § 1915 because the prisoner has accumulated three strikes. At that time, because a practical consequence turns on the

---

[8] The Court notes that regardless of Plaintiff's prior litigation history, Plaintiff is proceeding *in forma pauperis* in this action as his allegations were found sufficient to meet the imminent danger exception to the PLRA. (*See* Doc. 5.)

answer to the question, a court will need to determine whether the prisoner should be charged with three strikes. Litigation over the issue at an earlier juncture would involve the courts in disputes that might never have any practical consequence. The resolution of such disputes is not a proper part of the judicial function."); *see also Andrews v. King*, 398 F.3d 1113, 1119 n. 8 (9th Cir. 2005) (noting that district courts are not required to determine whether the prisoner's case is frivolous, malicious or fails to state a claim and therefore will count as a future strike under § 1915(g)); *Shabbazz v. Fischer*, No. 9:11-CV-0916 (TJM/ATB), 2012 WL3241653, at *1 (N.D.N.Y Aug. 7, 2012) ("In other words, a strike may not be assessed at the same time that the action or appeal is dismissed. Instead, it is up to a later judge to determine, when the time is right, whether three previously dismissed actions or appeals might constitute strikes."); *Pough v. Grannis*, 08CV1498–JM (RBB), 2010 WL 3702421, at *13 (S.D. Cal. July 16, 2010) (denying defendants' request that the court designate a dismissal as a strike under § 1915(g) at the time of dismissal). Plaintiff's request to no longer have three strikes under 28 U.S.C. § 1915(g) should also be denied for lack of jurisdiction.

## **RECOMMENDATIONS**

For the reasons set forth above, it is recommended that this action proceed solely on Plaintiff's claims against A. Podsakoff, L. Lawrence, B. Stringer, J. Medina, J. Juarez, R. Mendoza, and Nurse Gonzales for involuntarily medicating Plaintiff's meals with antipsychotic medication in the absence of a *Keyhea* order, and all other claims and defendants be dismissed. As Defendants' have not met their burden under federal law for the issuance of an order requiring Plaintiff to post security under Local Rule 151(b), their motion should be denied without prejudice. Finally, this Court lacks jurisdiction over Plaintiff's request to be removed from California's vexatious litigant list and to not be subject to three strikes for *in forma pauperis* purposes in future litigation.

Accordingly, it is HEREBY RECOMMENDED that:

1.     This action proceed on Plaintiff's claim in the First Amended Complaint against A. Podsakoff, L. Lawrence, B. Stringer, J. Medina, J. Juarez, R. Mendoza, and Nurse Gonzales for involuntarily medicating Plaintiff's meals with antipsychotic

medication in the absence of a *Keyhea* order, and all other claims and defendants be dismissed;

2.      Defendants' motion for an order requiring Plaintiff to pay a security under Local Rule 151(b) be denied without prejudice;

3.      Plaintiff's motion for an extension of time to file a surreply be disregarded as moot (Doc. 69), and Plaintiff's surreply (Doc. 72) be stricken from the record; and

4.      Plaintiff's request to be removed from California's vexatious litigant list and to no longer have three strikes for purposes of proceeding *in forma pauperis* under 28 U.S.C. § 1915(g), filed on November 9, 2017, (Doc. 62), be denied for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Amended Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **March 14, 2018**             */s/ Sheila K. Oberto*

                                       UNITED STATES MAGISTRATE JUDGE