UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>        Plaintiff,<br><br>    v.<br><br>A. PODSAKOFF, et al.,<br><br>        Defendants. | No. 1:15-cv-00924-DAD-SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 49, 62, 67, 69, 72, 76) |

      Plaintiff Michael Gonzales is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On February 14, 2018, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion for an order requiring plaintiff to post a security before proceeding in this action be denied. (Doc. No. 65.) On February 22, 2018, defendants filed objections, arguing that the magistrate judge erred by applying the federal standard governing such motions, rather than the standard under California law. (Doc. No. 68.) The magistrate judge thereafter issued amended findings and recommendations finding that under both federal and state standards, defendants' motion should be denied. (Doc. No. 76.) In addition, the amended findings and recommendations recommended that plaintiff's request to be removed from California's vexatious litigant list (Doc. No. 62) be denied for lack of jurisdiction,

1

that plaintiff's motion for an extension of time to file a surreply (Doc. No. 69) be disregarded as moot, and that plaintiff's surreply (Doc. No. 72) be stricken from the record. On March 26, 2018, defendants objected to the amended findings and recommendations. Plaintiff filed no objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including defendants' objections, the court finds the amended findings and recommendations to be supported by the record and by proper analysis.

Under California Code of Civil Procedure § 391.1, a defendant may move the court for an order requiring plaintiff to post a security if (1) the plaintiff is a vexatious litigant, and (2) there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant. Cal. Code Civ. P. § 391.1. Defendants raise several arguments as to why, contrary to the recommendation set forth in the pending findings and recommendations, plaintiff should be required to post a security here. First, defendants contend that the assigned magistrate judge misapplied the law in determining whether plaintiff has a reasonable probability of prevailing in this action. The assigned magistrate judge quoted language from the decision in *Devereaux v. Latham & Watkins*, 32 Cal. App. 4th 1571, 1583 (1995), stating in this regard that a defendant is required to "show that the plaintiff's recovery is foreclosed as a matter of law or that there are insufficient facts to support recovery by the plaintiff on its legal theories, even if all the plaintiff's facts are credited." Defendants take issue with this latter statement in particular, noting that this language in *Devereaux* has been disapproved of by the California Supreme Court. *See Moran v. Murtaugh Miller Meyer & Nelson, LLP,* 40 Cal. 4th 780, 785 n.7 (2007).

The undersigned notes, however, that the magistrate judge's opinion made clear that it did not necessarily credit all of plaintiff's factual allegations. In the very next sentence of the findings and recommendations, the magistrate judge cited to the decision in *Moran* and stated that in making its determination as to whether there is a reasonable probability plaintiff will prevail, "the Court performs an evaluative function and is required to weigh the evidence; *it does not assume the truth of Plaintiff's allegations*." (Doc. No. 76 at 11 (emphasis added).) Accordingly, the undersigned concludes that the magistrate judge employed the correct test under California law in

determining whether plaintiff has a reasonable probability of prevailing.

Next, defendants contend that plaintiff does not have a reasonable probability of succeeding here because he did not adequately exhaust his administrative remedies. Specifically, defendants argue that although plaintiff is proceeding on a claim that prison staff was unlawfully medicating his food, his administrative grievance was focused on allegations that he was not receiving food. (*See* Doc. No. 78 at 5.) However, as noted in the findings and recommendations, the Third Level Decision on his inmate appeal acknowledged plaintiff's request that he be "given three meals a day without any medication or contaminants." (*Id.* at 14.) Defendants were therefore plainly on notice as to the allegation that plaintiff was receiving tainted food. *See Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) ("Under the PLRA, a grievance 'suffices if it alerts the prison to the nature of the wrong for which redress is sought.'") (quoting *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010)).

For these reasons,

1. The amended findings and recommendations issued March 14, 2018 (Doc. No. 76) are adopted in full;
2. The findings and recommendations issued February 14, 2018 (Doc. No. 67) will be disregarded;
3. Defendants' motion for an order requiring security (Doc. No. 49) is denied without prejudice;
4. Plaintiff's motion for an extension of time to file a surreply (Doc. No. 69) is denied as moot;
5. Plaintiff's surreply (Doc. No. 72) is ordered stricken from the court's docket; and
6. The matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **June 11, 2018**

UNITED STATES DISTRICT JUDGE

3