# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A. PODSAKOFF, et al.,<br><br>　　　　Defendants. | **Case No. 1:15-cv-00924-DAD-SKO (PC)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR BLOOD TESTING**<br><br>**(Doc. 70)** |

Plaintiff, Michael Gonzales, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On February 26, 2018, Plaintiff filed a motion seeking blood-testing to prove his allegations in this action. (Doc. 70.) Plaintiff is requesting appointment of an expert witness to test his blood for impurities which he alleges Defendants are using to taint his food. Although more than sufficient time has lapsed, Defendants have not responded. The motion is deemed submitted. L.R. 230(l).

Federal Rule of Evidence 706 ("Rule 706") provides for court appointment of an expert witness upon a party's motion or on its own volition. "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise . . . ." Fed. R. Evid. 702. The Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side. Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086,

1

1090 (9th Cir. 2002); *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). However, where the costs would likely be apportioned to the government, the Court should exercise caution.

Plaintiff's *pro se*, *in forma* pauperis status alone is not grounds for the appointment of an expert witness to assist Plaintiff with his case and Rule 706 is not a means to provide an avenue to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses. *Manriquez v. Huchins*, No. 1:09-cv-00456-LJO-BAM PC, 2012 WL 5880431, at *12 (E.D. Cal. Nov. 21, 2012) (quotation marks and citations omitted). Nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. *Faletogo v. Moya*, No. 12cv631 GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 23, 2013) (quotation marks omitted).

The appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a particular litigant, and here, the issues are not of such complexity that the Court requires the assistance of a neutral expert at this time. *Faletogo*, 2013 WL 524037, at *2; *Bontemps v. Lee*, No. 2:12-cv-0771 KJN P, 2013 WL 417790, at *3-4 (E.D. Cal. Jan. 31, 2013); *Honeycutt*, 2011 WL 6301429, at *1; *Wilds*, 2011 WL 737616, at *4; *Gamez v. Gonzalez*, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. Jun. 3, 2010).

While there are currently no pending matters with which the Court requires special assistance, *Ford*, 291 F.3d at 1090; *Walker*, 180 F.3d at 1071, Plaintiff is not foreclosed from requesting appointment of an expert witness if or when the issues in this action are presented to the trier of fact. The Court notes, however, that Plaintiff's case is not unusually complex and likely will not warrant appointment of a neutral expert—even at trial.

Accordingly, Plaintiff's motion for blood-testing via an appointed expert witness is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: **August 6, 2018**                    /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE

2