# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>   Plaintiff,<br><br>   v.<br><br>PODSAKOFF, et al.,<br><br>   Defendants. | Case No. 1:15-cv-00924-DAD-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDERS AND FOR PRELIMINARY INJUNCTIVE RELIEF**<br><br>**(Doc. 90)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## FINDINGS

### I. Introduction

Plaintiff, Michael Gonzales, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds in this action based on alleged incidents of his food being tainted with antipsychotic medications at California State Prison in Corcoran, California ("CSP-Cor").

On November 1, 2018, Plaintiff filed a motion seeking injunctive relief, contending officers in his current housing unit at Kern Valley State Prison ("KVSP") have refused to pick up his mail and are allegedly retaliating against him for litigating this action. (Doc. 90.) Defendants filed an opposition. (Doc. 92.) Although more than the allowed time has lapsed, Plaintiff has not filed a reply. This motion is therefore deemed submitted. L.R. 230(*l*).

1

**II.     Discussion**

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Similarly, the pendency of this action does not give the Court jurisdiction over prison officials in general or over the conditions of Plaintiff's confinement. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action proceeds. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969.

Plaintiff does not seek a temporary restraining order and/or preliminary injunction against any of the Defendants in this action. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Thus, Plaintiff's motion must be denied for lack of jurisdiction over the prison staff who Plaintiff contends refuse to pick up his mail and are retaliating against him for litigating this action as they are not parties to this action.

Finally, the claims on which Plaintiff proceeds in this action arise from events that allegedly occurred at CSP-Cor. However, Plaintiff was subsequently transferred and is currently housed at Kern Valley State Prison (KVSP). Plaintiff thus lacks standing in this action to seek

relief directed at remedying his current conditions of confinement at KVSP. Further, to the extent that his motion seeks relief to remedy his conditions of confinement for the time he was at CSP-Cor, it was rendered moot on his transfer to KVSP. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991). Thus, Plaintiff's motion for a preliminary injunction should be denied.

Plaintiff is not precluded from attempting to state cognizable claims in a new action if he believes his civil rights are being violated beyond his pleadings in this action. The issue is not that Plaintiff's allegations are not serious, or that Plaintiff is not entitled to relief if sought in the proper forum. The seriousness of Plaintiff's accusations of events at CSP-Cor cannot and do not overcome what is a *jurisdictional* bar. *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") This action is simply not the proper vehicle for conveyance of the relief Plaintiff seeks.[1] However, the Litigation Office is requested to look into the matter and facilitate Plaintiff's ability to mail correspondence, discovery, and documents to defense counsel and the Court, as necessary for the pendency of this action.[2]

## **RECOMMENDATION**

Based on the foregoing, the Court **HEREBY RECOMMENDS** that Plaintiff's motion for injunctive relief, filed on November 1, 2018 (Doc. 90), be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the

---

[1] Plaintiff's motion also fails to make the requisite showing, supported by admissible evidence, to obtain a preliminary injunction. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-4 (2008). However, it is unnecessary to reach the merits of Plaintiff's motions in light of the fact that the jurisdictional issue is fatal to his requests for relief. *Summers*, 555 U.S. at 493; *Mayfield*, 599 F.3d at 969.

[2] How access is best facilitated in light of Plaintiff's housing status and other custody or classification factors is left to the sound discretion of prison officials.

3

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 23, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE