# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>Plaintiff,<br><br>v.<br><br>PODSAKOFF, et al.,<br><br>Defendants. | 1:15-cv-00924-DAD-SKO (PC)<br><br>**ORDER ON PLAINTIFF'S MOTION FOR SERVICE OF DISCOVERY ON DEFENDANTS**<br><br>(Doc. 91) |

**I.  Background**

Plaintiff, Michael Gonzales, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On November 1, 2018, Plaintiff filed a motion requesting that the Clerk of the Court serve the motion and Plaintiff's discovery requests on defense counsel. (Doc. 91.) More than the time allowed has lapsed without Defendants having filed an opposition. L.R. 230(*l*). The motion is deemed submitted.

**II.  Plaintiff's Motion**

In this motion, Plaintiff indicates that he has been denied photo copy services, legal materials, and law library access. Plaintiff requests that the Clerk of the Court serve the discovery requests in his motion (*see* Doc. 91, pp. 3:17-6:7) on defense counsel. In light of Plaintiff's difficulty with copying the documents, the Court waives Plaintiff's obligation to

1

separately serve Defendants with the documents. As Plaintiff has filed the documents with the Court, Defendants have already received a copy of the document via CM/ECF, which will constitute service. Although the November 27, 2018 discovery deadline has passed, Plaintiff's motion was timely since it was filed earlier that month. However, since this is not the usual course of discovery, Defendants will be provided time to respond to Plaintiff's discovery requests and Plaintiff will be granted time to file a motion to compel, if necessary. Since this case is already scheduled, the Court has reviewed the nine discovery requests contained in Plaintiff's motion and limits their scope as discussed below.[1]

## III. Scope of Discovery

Parties are entitled to seek discovery of non-privileged matter that is relevant to any claim and/or defense in the action. Fed. R. Civ. P. 26(b)(1). The discovery sought may include information that is not admissible as long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* This defines the scope of discovery for federal civil litigation in general. Plaintiff's requests are considered below in light of the fact that evidence that is not relevant is not admissible. Fed. R. Evid. 402. Evidence is relevant if it has a tendency to make a fact in issue more or less probable than it would be without the evidence and that fact is of consequence in determining the action. Fed. R. Evid. 401. However, even relevant evidence may be excluded if it will cause unfair prejudice, confuse the issues, mislead the jury, cause undue delay, waste time, or is needlessly cumulative. Fed. R. Evid. 403.

Discovery may also be limited if it ". . . is unreasonably cumulative or duplicative," or can be obtained from another source "that is more convenient, less burdensome, or less expensive;" if the party who seeks discovery "has had ample opportunity by discovery . . . to obtain the information sought;" or if the proposed discovery is overly burdensome. Fed. R. Civ. P. 26(b)(2)(i)(ii) and (iii). As noted in the Discovery and Scheduling Order, Plaintiff may not compel Defendants to produce documents that are equally available to Plaintiff—such as documents contained in Plaintiff's own central file. (*See* Doc. 84, p. 2.) However, because time

---

[1] The Court notes that Plaintiff's prior filings in this case reflect his difficulty with obtaining copies of documents, thereby demonstrating some diligence on Plaintiff's part. However, discovery is **not** reopened beyond Plaintiff's requests as set forth in this order.

is of the essence in this aging case, if documents requested by Plaintiff are, or should be located in Plaintiff's central file, Defendants shall so state and shall show demonstrate that they have confirmed this with the litigation coordinator at Plaintiff's current housing facility and that they have made the litigation coordinator aware that Plaintiff requires access to any such documents for use in this action. Finally, aside from limited exceptions—none of which apply here— evidence of a person's character or character trait is not admissible to prove that, on a particular occasion, the person acted in accordance with the character or trait. Fed. R. Evid. 404. Accordingly, common sense and reason shall be used in responding to Plaintiff's discovery requests. *E.g.*, *Collins v. Wal-Mart Stores, Inc.,* No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008).

### A.     Production of Documents

All of Plaintiff's requests seek production of documents. Federal Rule of Civil Procedure 34 empowers a party to serve on any other party a request to produce "any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). Documents are in the "possession, custody, or control" of the served party if "the party has actual possession, custody, or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir.1995); *see also Allen v. Woodford*, 2007 WL 309945, *2 (E.D. Cal. 2007). Accordingly, a party may be required to produce documents turned over to an agent, such as its attorney or insurer. *E.g., Henderson v. Zurn Indus.*, 131 F.R.D. 560, 567 (S.D. Ind.1990).

### B.     Plaintiff's Discovery Requests[2]

> **1.     The California Department of Corrections files of each Defendant's conduct including all chief of inmate appeals 602 appeals filed on every Defendant for any misconduct including denial of meals, food tainting with contaminants, or any kind of drugs, excessive force, including any excessive force 602 appeals and citizen's complaints. This discovery request is for those files related to the Defendants… including any filed by the Plaintiff, Michael Gonzales.[3]**

Aside from any inmate appeals or citizen's complaints that Plaintiff filed regarding his

---

[2] Grammar and spelling errors in Plaintiff's requests are corrected in this order in compliance with common sense and reason and without identifying, editing notations such as "sic" and the like.
[3] (Doc. 91, 3:17-23.)

3

claims in this action, appeals and citizen's complaints filed by other inmates against the Defendants in this action are not relevant to Plaintiff's claims in this action. Allegations of "any misconduct" and excessive force have no bearing to whether Defendants engaged in the acts alleged in this action. Further, as noted above, inmate appeals or citizen's complaints which allege the Defendants tainted meals or denied meals filed by other inmates is not admissible to prove that, on a particular occasion, any of the Defendants acted in accordance with that character or trait. Fed. R. Evid. 404. Thus, Defendants need only provide documents of inmate appeals or citizen's complaints filed by Plaintiff against any/all of the Defendants in response to this request.

> **2. Any and all reports or complaints filed with internal affairs including but not limited to investigative reports filed by the Department of Corrections for the Defendants misconduct including excessive force, or acts of torture on an inmate, any acts of inappropriate conduct sexual or otherwise on female officers or staff. This discovery request includes photo, video, or any other images recording during the investigation. All reports and results positive or negative. Including all of the same filed by the Plaintiff, Michael Gonzales, the names and CDC #numbers of all inmates who filed said reports[4]**

Aside from any inmate appeals or citizen's complaints filed by Plaintiff regarding his claims in this action, appeals and citizen's complaints filed by other inmates against the Defendants in this action are not relevant to Plaintiff's claims in this action. Allegations of excessive force, acts of torture, and "inappropriate conduct" (sexual or otherwise) have no bearing to whether Defendants engaged in the acts alleged in this action. Further, as noted above, inmate appeals or citizen's complaints which allege wrongdoing by any of the Defendants filed by other inmates is not admissible to prove that, on a particular occasion, any of the Defendants acted in accordance with a specific character or trait. Fed. R. Evid. 404. Thus, in response to this request, Defendants need only provide documents of inmate appeals or citizen's complaints filed by Plaintiff regarding his claims in this action against the Defendants.

//

//

//

---

[4] (Doc. 91, 3:26-4:6.)

4

**3. Blood tests on the Plaintiff Michael Gonzales by an outside medical facility specifically the San Joaquin Valley Hospital for all long term drugs that may be traced from his blood including any drugs within a years time and a complete examination of his esophagus for acidic burning, and determination that proves the Plaintiff Michael Gonzales does not have acid reflux, or a heart burn disorder to determine the truth at trial in relation to the Defendants denials of tainting misconduct, code of silence, and other untruth unless during the questioning of the above evidence at the trial[5]**

Plaintiff previously filed a motion for blood testing and examination. (Doc. 70.) That motion was construed as a request for appointment of an expert witness to provide examination and test his blood for impurities which Plaintiff alleges Defendants used to taint his food, and was denied. (Doc. 86.) Plaintiff did not seek reconsideration of that ruling and cannot request that Defendants bear the burden and expense of locating an expert to Plaintiff's liking. Plaintiff is not prohibited from introducing documents regarding such examination and testing contained in his medical records. Defendants need not provide an expert witness to conduct the examination and testing sought by Plaintiff. Defendants shall, however, produce a copy of any medical records reflecting any of Plaintiff's similar examination and testing results, including any and all records from San Joaquin Valley Hospital, in their possession, custody, or control.

**4. All DDP (Developmental Disability Program) unit office files pertaining to the Plaintiff Michael Gonzales written by the Defendants or by the sergeant or lieutenant correctional staff, on their own accord or by the complaints or statements of unit officers including but not limited to the Defendants. All rule violation reports filed in relation to those written office files including the reports written by the Defendants. These reports are limited to the reports from Department of Correction Corcoran State Prison "A" Facility Block or Units 1. Left, 1. Right, 2. Left, 2. Right, 3. Left, 3. Right, 4. Left. This evidence would prove false reports written in retaliation in violation of CDC rules and policies[6]**

Defendants shall produce all documents in their possession, custody, or control regarding Plaintiff and any of the Defendants, that are responsive to this request.

//

//

---

[5] (Doc. 91, 4:7-15.)
[6] (Doc. 91, 4:16-25.)

5

|   |   |
|---|---|
| 1 | **5.** **All medical reports from CDC Corcoran State Prison related to federal law that prohibit the issuance of drugs that are not prescribed to the patient named on the prescription label. All the medical records for any antacid medication, any throat injury, any treatment related to acidic inflammation of Plaintiff's upper throat. All documented medical request forms filed by the Plaintiff Michael Gonzales related to the same. Any documents in the medical files related to Plaintiff's complaints of antipsychotic acidic burning due to food medicating by the Defendants. [7]** |

Defendants shall produce all documents in their possession, custody, or control which pertain to any of the Defendants, Plaintiff, and Plaintiff's medical conditions that are responsive to this request.

**6.** **All 602 inmate appeals filed by the Plaintiff, Michael Gonzales from 1998 to the present for food medicating by the Defendants and other correctional staff who participated in the continuing course of misconduct in violation of federal and state law and any and all Title 15 rules and regulations of the Department of Corrections including Department Operations Manual related to the policies and procedures in the investigation on the food medicating misconduct in Plaintiff 602 appeals on that issue to prove[8] a code of silence, to reveal as little information as possible and cover up the misconduct.[9]**

Defendants shall produce all documents in their possession, custody, or control, regarding 602 inmate appeals filed by Plaintiff against any of the Defendants from 2010 (five years before the date of incidents alleged in this action) to present. Defendants shall also produce any and all CDCR policies and procedures regarding the investigation of Plaintiff's 602 appeals alleging food medicating misconduct by any of the Defendants in this action.

**7.** **All 115 Rule Violation Reports by each Defendant that resulted in the conviction and life sentence of the Plaintiff Michael Gonzales to show the result of food medicating ending in violence and a life sentence.[10]**

Defendants shall produce all 115 RVRs in their possession, custody, and control that any of the Defendants initiated against Plaintiff.

/ / /

---

[7] (Doc. 91, 4:26-5:7.)
[8] Mere production of documents responsive to this request will not automatically be deemed sufficient to prove a "code of silence." Plaintiff will be required to prove any such contention at trial and on dispositive motion.
[9] (Doc. 91, 5:8-17.)
[10] (Doc. 91, 5:18-21.)

> 8. **The policies and procedures of the Corcoran Prison related to food medication and the injunction hearing, to prove the proper procedure to force medicate a prisoner, including the 1996 *Keyhea v. Rushen* injunction hearing that placed the Plaintiff Michael Gonzales on force medication with the 1997 removal of that force medication order due to the dangerous side effects akinesia and tartive dyskinesia that was recorded by court reporter this request includes the transcribed reporting from that 1997 *Keyhea* hearing that listed the side effects as a damage so the order was rescinded.[11]**

Defendants shall produce all documents in their possession, custody, or control reflecting any order for Plaintiff to be involuntarily medicated per *Keyhea v. Rushen*, and all documents reflecting the revocation of any such order.

> 9. **All reports and medical findings of the San Joaquin Valley Hospital examination after long term food medicating had inflamed my mouth and top of throat, examination dated on 6-22-17 San Joaquin Community Hospital.[12]**

Defendants shall produce all documents in their possession, custody, or control reflecting the June 22, 2017 examination of Plaintiff at San Joaquin Community Hospital. If Defendants have subpoenaed Plaintiff's records from San Joaquin Community Hospital which cover June 22, 2017, they shall produce a copy to Plaintiff.

## IV. Order

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for service of discovery on Defendants, filed on November 1, 2018, (Doc. 91), is **GRANTED.**
2. Defendants shall serve responses to the nine discovery requests contained in Plaintiff's motion as addressed above on Plaintiff **on or before February 28, 2019**.
3. If necessary, Plaintiff may file a motion to compel on Defendants' responses **on or before March 29, 2019**.
4. Other than as modified by this order, all parties shall comply with the parameters for responses to written discovery and motions to compel as set forth in the

---
[11] (Doc. 91, 5:22-6:3.)
[12] (Doc. 91, 6:4-7.)

7

Discovery and Scheduling Order, (Doc. 84).

5. The Clerk of the Court shall serve a copy of the Discovery and Scheduling Order, (Doc. 84), on Plaintiff when serving a copy of this order.

IT IS SO ORDERED.

Dated: **January 25, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE