# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>    Plaintiff,<br><br>v.<br><br>PODSAKOFF, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00924-DAD-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>(Doc. 93)<br><br>TEN (10) DAY DEADLINE |

Plaintiff, Michael Gonzales, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims under the Due Process Clause and the Eighth Amendment for being involuntarily medicated against Defendants A. Podsakoff, L. Lawrence, B. Stringer, J. Medina, J. Juarez, R. Mendoza, and Nurse Gonzales. (Doc. 28.) On November 19, 2018, the Second Scheduling Order issued and scheduled this action for trial before the Honorable Dale A. Drozd, United States District Judge, beginning on November 19, 2019. (Doc. 93.) That order required Plaintiff to file a pretrial statement on or before July 19, 2019. (*Id.*) Despite passage of more than a week beyond the deadline, Plaintiff has not filed a pretrial statement.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a

1

court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). Neither the Court, nor Defendants may prepare for trial absent Plaintiff's pretrial statement.

Accordingly, Plaintiff is **ORDERED** to show cause **within ten (10) days** of the date of service of this order why the action should not be dismissed for his failure to comply with the Second Scheduling Order; alternatively, within that same time, Plaintiff may file his pretrial statement or a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated: **August 20, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE